[No. F052506. Fifth Dist. Dec. 18, 2007.]

THE PEOPLE, Plaintiff and Respondent, v.
JOSE OLEGARIO AISPURO, Defendant and Appellant.

**COUNSEL**

Randall H. Conner, under appointment by the Court of Appeal, for Defendant and Appellant.

Edmund G. Brown, Jr., Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Kathleen A. McKenna and Lloyd G. Carter, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

KANE, J.—A jury found defendant not guilty of kidnapping (Pen. Code, § 207, subd. (a)), as alleged in counts 1 and 2 of an amended information, and found him guilty of false imprisonment by violence or menace (Pen. Code, § 236) as alleged in counts 3 and 4 of the amended information. He was sentenced to the middle term of two years' imprisonment for count 3 to

run consecutively to eight months' imprisonment for count 4. Time credits were awarded, and fines and fees were imposed.

The sole ground of appeal is defendant's contention that there was insufficient evidence of menace and violence to support the convictions for felony false imprisonment. Defendant urges this court to modify the judgment to reflect convictions for misdemeanor false imprisonment and requests that the court remand the matter to the trial court for resentencing.[1]

Both parties agree on the applicable standard of review. When an appellant challenges the sufficiency of the evidence, the reviewing court must review the whole record in the light most favorable to the judgment to determine whether it contains substantial evidence from which a reasonable trier of fact could have found the defendant guilty beyond a reasonable doubt. (*People v. Johnson* (1980) 26 Cal.3d 557, 562 [162 Cal.Rptr. 431, 606 P.2d 738].) If the circumstances reasonably justify the jury's finding, the reviewing court may not reverse the judgment merely because it believes that the circumstances might also support a contrary finding. (*People v. Ceja* (1993) 4 Cal.4th 1134, 1139 [17 Cal.Rptr.2d 375, 847 P.2d 55].) For evidence to be "substantial" it must be of ponderable legal significance, reasonable in nature, credible and of solid value. (*People v. Bassett* (1968) 69 Cal.2d 122, 139 [70 Cal.Rptr. 193, 443 P.2d 777].)

The jury found defendant guilty of two counts of false imprisonment by violence or menace within the meaning of Penal Code section 236. The jury was instructed that in order for defendant to be guilty of the crime of false imprisonment by violence or menace, the People must prove that defendant "intentionally restrained or confined or detained someone or caused that person to be restrained or confined or detained by violence or menace" and "defendant made the other person stay or go somewhere against that person's will." They were told that "Violence means using physical force that is greater than the force reasonably necessary to restrain someone" and that "Menace means a verbal or physical threat of harm. The threat of harm may be express or implied." The jury was further instructed that an act is done against a person's will if that person does not consent to the act. In order to consent, a person must act freely and voluntarily and know the nature of the act. (Judicial Council of Cal. Crim. Jury Instns. (2006–2007) CALCRIM No. 1240.)

Defendant does not contest the propriety or accuracy of the instructions given to the jury. Defendant's sole contention is that the evidence was

---

[1] The jury was instructed on misdemeanor false imprisonment as a lesser offense.

insufficient to justify the jury's finding that defendant falsely imprisoned the victims by menace or violence.

On March 10, 2006, G., age 13, and her sister, A., age 9, walked to school. They became aware of defendant when they saw him knocking on the front door of a house. He then asked the girls if they knew the time. As the girls approached a street corner, G. heard defendant ask her where she was going. G. then heard rapid footsteps and felt defendant grab the hood of her jacket, which covered her head. The girls stopped walking and defendant held the hood of her jacket. G. began to cry and asked him to let go and not to hurt her. He did not respond to her request that he not hurt her. Defendant then told the girls he wanted them to sit in the middle of the road. When G. told him no, he said, "If you don't, then I will do something." Both girls were crying at that time. He continued to hold onto G.'s hood.

A. testified as they walked he placed his hands behind each of the girls and A. felt his hand on her back. They walked across the road, but did not stop in the middle of the street as he had requested. When he and the girls reached the other side of the street, A. said she wanted her mother. Defendant held her in both arms and said, "It's okay." G. still felt threatened. A. testified that she did not feel better and remained frightened. Defendant asked G. to take off her jacket and she complied. G. said several times, "Please let us go." G. tried to pull A. away from defendant. Defendant then said, "Just leave." The girls ran away and he did not pursue them.

Defendant contends that the conviction for felony false imprisonment cannot stand because the evidence is insufficient to support a finding that he used menace or violence. He concedes there is sufficient evidence that he committed two counts of misdemeanor false imprisonment and requests the court to modify the judgment to reflect convictions for the lesser offenses. (*People v. Matian* (1995) 35 Cal.App.4th 480, 488 [41 Cal.Rptr.2d 459] (*Matian*); *People v. Castro* (2006) 138 Cal.App.4th 137, 144 [41 Cal.Rptr.3d 190].) It is unnecessary to address the question of whether the evidence supports a finding that these crimes were carried out with violence because the record sufficiently justifies a finding of menace.

Menace is defined as "a verbal or physical threat of harm. The threat of harm may be express or implied." (CALCRIM No. 1240.) In reviewing the whole record in the light most favorable to the judgment (*People v. Johnson, supra*, 26 Cal.3d at p. 562), substantial evidence exists from which a reasonable trier of fact could have found defendant falsely imprisoned these victims with an express or implied threat of harm based on words or conduct.

Defendant accosted these two young girls, laid his hands on them, caused them to cry, did not respond to their requests that he not hurt them, ordered them to sit in the middle of the street and when they initially resisted, told them, "If you don't, then I will do something." These words alone, in context, constituted evidence of an implied, if not express, threat to harm them. The fact that he did not respond to them when they asked him not to hurt them is additional evidence that his words constituted a threat. There was ample evidence of menace to support the convictions for felony false imprisonment.

Defendant cites *Matian, supra*, 35 Cal.App.4th 480, in support of his contention that at most these facts support misdemeanor false imprisonment. In *Matian*, the defendant sexually assaulted the victim and thereafter grabbed her arm and yelled at her not to leave. She sat in a chair while the defendant went into a nearby office where he could see the victim. Each time she rose from her chair, he glared at her and got out of his chair to approach her. The appellate court held that this evidence was inadequate to establish an express or implied threat of harm because there were no verbal threats of additional physical harm nor was there evidence to suggest that the defendant raised his fist or otherwise made any threatening movements suggesting harm each time the victim got out of her chair to leave.

We disagree with the *Matian* court's conclusion that such facts were inadequate to establish an express or implied threat of harm. In our view, the *Matian* court erroneously required evidence of a deadly weapon or an express verbal threat of additional physical harm before menace could be found. (See also *People v. Castro, supra*, 138 Cal.App.4th at p. 143 [disagreeing with the result in *Matian*].) An express or implied threat of harm does not require the use of a deadly weapon or an express verbal threat to do additional harm. Threats can be exhibited in a myriad number of ways, verbally and by conduct. There can be no doubt that Matian's conduct constituted a threat of harm to his victim, even though he did not specifically say to the victim, "If you leave I'm going to physically harm you," and even though he did not raise his fist or display a deadly weapon.

Our case is also factually distinguishable from *Matian* in that defendant herein verbally threatened the girls ("If you don't, then I will do something"). He had his hand on one of the girls' hoods at the time. He was an adult. They were young girls. They were crying. When asked not to hurt them, he did not reply giving them assurance that he would not. Clearly on this record, the evidence supports a finding that he falsely imprisoned the girls by menace.

## DISPOSITION

The judgment is affirmed.

Levy, Acting P. J., and Hill, J., concurred.

Appellant's petition for review by the Supreme Court was denied March 26, 2008, S160144.