**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

PATRICIA ANN CORDES,
*Petitioner-Appellant,*

v.

MICHAEL B. MUKASEY,* Attorney
General; TOM RIDGE; NANCY
ALCANTAR, Respondents-Appellees.
*Defendant-Appellant.*

No. 04-15988

D.C. No.
CV-03-05580-
OWW/LJO
Eastern District of
California,
Fresno

ORDER

Filed February 25, 2008

Before: Warren J. Ferguson, John T. Noonan, and
Pamela Ann Rymer, Circuit Judges.

Order;
Dissent by Judge Ferguson

## ORDER

On June 30, 2005, the BIA sua sponte reopened the underlying proceeding, vacated its order of removal, and remanded the matter to the Immigration Judge. This stripped us of jurisdiction to enter our opinion, filed on August 24, 2005. *See Lopez-Ruiz v. Ashcroft*, 298 F.3d 886, 887 (9th Cir. 2002). This case is different from *Lolong v. Gonzales*, 484 F.3d 1173, 1177 (9th Cir. 2007), because, here, the BIA *remanded* to the IJ for "further proceedings" and to enter a "new deci-

---

*Michael B. Mukasey is substituted for his predecessor, Alberto R. Gonzales, as Attorney General of the United States, pursuant to Fed. R. App. P. 43(c)(2).

sion" regarding removal, whereas in *Lolong*, "[t]he BIA reversed, but rather than remanding Lolong's case to the IJ for entry of an order of removal, the BIA itself granted her voluntary departure." The remand for further proceedings is what caused us to lose jurisdiction. Otherwise, this court and the IJ would both have been considering the same thing at the same time: Cordes's removal. Although we didn't know it, this happened before the panel published its opinion. Accordingly, we now vacate our August 24, 2005 opinion and deny the pending petition for rehearing en banc as moot.

FERGUSON, Circuit Judge, dissenting:

Because the majority's decision to vacate our opinion directly contradicts *Lolong v. Gonzales*, I must dissent. 484 F.3d 1173 (2007) (en banc). This Court's recent unanimous[1] en banc opinion in *Lolong* compels the conclusion that we retain jurisdiction over this case. *Lolong* made clear that the order of deportation entered by the Immigration Judge ("IJ") who initially heard Cordes's case remains in effect, providing us with a final agency decision to review. *Id.* at 1178. The majority distinguishes *Lolong* based on an inconsequential factual issue: the BIA's remand to the IJ. There is no meaningful distinction between *Lolong* and this case, and the majority's attempt to fashion one brings it squarely into conflict with the ruling of the en banc court.

In 2001, an IJ found Cordes removable, but granted discretionary relief from removal under section 212(c) of the Immigration and Nationality Act, 8 U.S.C. § 1182(c) (repealed 1996). In 2003, the BIA explicitly affirmed the finding of deportability, but reversed the grant of relief.

---

[1]While four judges dissented from the majority's denial of Lolong's petition for review on the merits, the panel reached a unanimous agreement on the jurisdictional issue. *See* 484 F.3d at 1181-82 (Thomas, J., concurring in part and dissenting in part).

In 2005, the BIA issued an order vacating its 2003 order "insofar as it entered an order of removal against the respondent." The BIA acted pursuant to our 2004 decision in *Molina-Camacho v. Ashcroft*, which held that the agency lacked authority to issue final orders of removal. 393 F.3d 937, 941 (9th Cir. 2004). Under *Molina-Camacho*, the BIA's removal order was a "legal nullity," which meant that there was no final agency order for this Court to review. *Id.* at 941-42. The BIA remanded Cordes's case to the IJ for "entry of a new decision consistent with *Molina-Camacho* and the prior decision of the Board."

In *Lolong v. Gonzales*, the en banc court explicitly overruled *Molina-Camacho*, stating, "[N]othing in [the INA] mandates the result [the court] reached in *Molina-Camacho*." *Id.* at 1177. The court explained that in order for an IJ to grant discretionary relief from removal, the IJ must first determine that the noncitizen is removable. *Id.* "[T]his determination by the IJ constitutes an order of deportation." *Id.* If the BIA subsequently reverses the IJ's grant of relief, it "simply reinstates that order of removal that has already been entered by the IJ and that would have taken effect but for the IJ's subsequent cancellation of removal." *Id.* (internal citations and punctuation omitted). Therefore, the court concluded, "[w]e . . . have jurisdiction to consider [a] petition for review of the BIA's reinstatement of that order." *Id.* at 1178 (citing 8 U.S.C. § 1101(a)(47)).

*Lolong*'s analysis makes clear that a final order of removal still stands in this case, giving us jurisdiction over Cordes's appeal. The IJ's initial decision constituted a valid removal order, which was reaffirmed in 2003 when the BIA reversed the IJ's grant of relief. Pursuant to *Lolong*, the BIA's 2003 decision "eliminated impediments to removal and effected the original removal order, . . . and the surviving order of removal was both final and valid and therefore reviewable under 8 U.S.C. 1252(a)." 484 F.3d at 1178 (internal punctuation omitted). The BIA's 2005 order vacated its 2003 order only "inso-

far as it entered an order of removal against the respondent." The BIA implicitly left in place the portion of its 2003 order reversing the IJ's grant of relief from removal. In essence, the BIA remanded so that the IJ could issue the removal order, which the BIA believed it could not do (per *Molina-Camacho*) and the IJ had not already done. With the benefit of *Lolong*, 484 F.3d at 1177-78, we now understand that the removal order already existed. This court already had jurisdiction, regardless of whether or not the BIA's order explicitly ordered Cordes removed.

The majority attempts to distinguish *Lolong* because of a factual difference: in *Lolong*, the BIA vacated the IJ's order and granted voluntary removal, whereas here, the BIA vacated its own removal order and remanded to the IJ for further proceedings. This distinction has no bearing on the applicability of *Lolong*'s analysis to this case. As in *Lolong*, the IJ in this case issued an order of removal, coupled with a grant of relief; again, as in *Lolong*, the BIA reversed the grant of relief, reinstating the initial removal order.

While *Lolong* did not involve a subsequent order by the BIA vacating its removal order, in this case the BIA's 2005 order had no effect on the original order of removal entered by the IJ. The 2005 order vacated the 2003 order only "insofar as it entered an order of removal against the respondent." The 2005 order left intact the portions of the 2003 order affirming the finding of removability and reversing the grant of relief. The remand to the IJ reflected the BIA's misunderstanding of the status of the removal order, caused by our description of the review process in *Molina-Camacho*. The majority's analysis in this order reflects the same misunderstanding, and similarly misdescribes the effects of the BIA's 2005 order. Though *Molina-Camacho* muddied the waters, *Lolong* made clear that we have retained jurisdiction over this case throughout its pendency.

At no time did we lose jurisdiction over this case, because at all times there was a final agency decision in place for us

to review: the IJ's 2001 order of removal. *Lolong* is directly on point, and we may not side-step it on the basis of a distinction that is ultimately immaterial. I dissent from the majority's determination to the contrary.

PRINTED FOR
ADMINISTRATIVE OFFICE—U.S. COURTS
BY THOMSON/WEST—SAN FRANCISCO

The summary, which does not constitute a part of the opinion of the court, is copyrighted
© 2008 Thomson/West.