**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

MARIO EDUARDO SAAVEDRA-
FIGUEROA,
                          *Petitioner,*

            v.

ERIC H. HOLDER JR., Attorney
General,
                          *Respondent.*

No. 05-75210

Agency No.
A030-036-877

OPINION

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted
April 15, 2010—San Francisco, California

Filed November 5, 2010

Before: Alex Kozinski, Chief Judge, Glenn L. Archer, Jr.,
Senior Circuit Judge,* and Consuelo M. Callahan,
Circuit Judge.

Opinion by Judge Callahan

---

*The Honorable Glenn L. Archer, Jr., Senior United States Circuit
Judge for the Federal Circuit, sitting by designation.

18277

## COUNSEL

Michael K. Mehr (argued) and Rachael E. Keast, Law Office of Michael K. Mehr, Santa Cruz, California, for the petitioner.

Tony West, Assistant Attorney General, Civil Division, Bryan S. Beier (argued), Senior Litigation Counsel, and Alison R.

Drucker, Senior Litigation Counsel, Office of Immigration Litigation, Civil Division, U.S. Department of Justice, Washington, D.C., for the respondent.

## OPINION

CALLAHAN, Circuit Judge:

Mario Saavedra-Figueroa ("Saavedra-Figueroa") is a native and citizen of Chile who has been a United States lawful permanent resident since 1970. The Board of Immigration Appeals ("BIA") determined that Saavedra-Figueroa was removable because he had been convicted of an aggravated felony and two crimes of moral turpitude ("CIMTs") after admission, pursuant to the Immigration and Nationality Act ("INA") § 237(a)(2)(A)(ii)-(iii), 8 U.S.C. § 1227(a)(2)(A)(ii)-(iii). The aggravated felony conviction was subsequently vacated. Saavedra-Figueroa now petitions for review of the BIA's decision, contending that the remaining two convictions the BIA alleged—for misdemeanor false imprisonment under California Penal Code § 236—are not categorical CIMTs. We agree and grant the petition for review.

### I.

In 2005, Saavedra-Figueroa was served with a Notice to Appear ("NTA") that asserted he was removable under (1) INA § 237(a)(2)(A)(iii) for conviction of an aggravated felony as defined in INA § 101(a)(43)(A) (sexual abuse of a minor); and (2) INA § 237(a)(2)(A)(ii) for conviction of two CIMTs not part of the same criminal scheme. The NTA alleged he had been convicted of gross sexual imposition of a minor in violation of North Dakota Century Code § 12.1-20-03(2), and twice convicted of misdemeanor false imprisonment under California Penal Code § 236.

At a hearing before an immigration judge ("IJ"), Saavedra-Figueroa admitted all three allegations. The IJ, finding that Saavedra-Figueroa's North Dakota conviction was an aggravated felony and his two California convictions were CIMTs, sustained both charges of removability, and ordered him removed to Chile. The BIA affirmed in a per curium order.

Saavedra-Figueroa filed a timely petition for review in this court.[1] While his appeal was pending, he filed an application for post-conviction relief in a North Dakota state court, seeking to have his guilty plea to the gross sexual imposition charge withdrawn. The state court granted the application and vacated the conviction.

The government then filed in this court an unopposed motion to remand to the BIA for it to determine how the vacated North Dakota conviction affected Saavedra-Figueroa's case. The motion requested that we direct the BIA to "return the case" to us if it determined that Saavedra-Figueroa was removable. We remanded the case to the BIA without indicating whether we would resume control following the BIA's decision.

In March 2007, the BIA ruled that Saavedra-Figueroa's North Dakota conviction was no longer valid for immigration purposes. The BIA vacated its August 2005 decision and remanded the case to the IJ.

Saavedra-Figueroa then filed a motion for reconsideration with the BIA, contending that our remand order required that his case be returned to us. In June 2007, the BIA granted his motion to reconsider, but explained that it could not "return a record of proceedings to [our] court." Instead, it vacated its March 2007 order insofar as that order remanded proceedings

---

[1]Saavedra-Figueroa's removal from the United States does not divest us of jurisdiction over his petition for review. *See Mendez-Alcaraz v. Gonzales*, 464 F.3d 842, 844 (9th Cir. 2006).

to the IJ. It stated that because its March 2007 order had not revisited Saavedra-Figueroa's removability for his CIMT convictions, its August 2005 determination of removability for those convictions was "a final administrative order of removal from which [Saavedra-Figueroa could] continue to pursue further relief before the Ninth Circuit."

## II.

We determine the existence of our own jurisdiction de novo. *Luu-Le v. INS*, 224 F.3d 911, 914 (9th Cir. 2000). Saavedra-Figueroa contends that we have jurisdiction over his petition because the BIA's June 2007 order affirmed that its August 2005 decision remains a final, appealable order of removal. The government responds that the BIA's March 2007 order irreversibly vitiated our jurisdiction by rendering the BIA's August 2005 decision non-final.

We lack jurisdiction over a petition for review when the BIA reopens an alien's removal proceedings. *See Lopez-Ruiz v. Ashcroft*, 298 F.3d 886, 887 (9th Cir. 2002) (the BIA's reopening of the case divested us of jurisdiction); *Timbreza v. Gonzales*, 410 F.3d 1082, 1083 (9th Cir. 2005) (same); *accord Yuan Gao v. Gonzales*, 464 F.3d 728, 730 (7th Cir. 2006) (where the BIA reconsiders a final order of removal, "there is nothing [for the appellate court] to retain jurisdiction of"). As we explained in *Cordes v. Mukasey*, "The remand for further proceedings is what caused us to lose jurisdiction. Otherwise, this court and the IJ would both have been considering the same thing at the same time: [petitioner's] removal." 517 F.3d 1094, 1095 (9th Cir. 2008).

We conclude that we have jurisdiction over Saavedra-Figueroa's petition for review. When Saavedra-Figueroa filed his petition, the BIA's August 2005 decision was a final order of removal. *See* 8 U.S.C. § 1101(a)(47)(B); *Noriega-Lopez v. Ashcroft*, 335 F.3d 874, 882-83 (9th Cir. 2003). Because the BIA in June 2007 granted reconsideration of its March 2007

order and affirmed the August 2005 decision with respect to Saavedra-Figueroa's CIMT convictions, that part of the August 2005 decision remains a final order of removal. *Cf. Plasencia-Ayala v. Mukasey*, 516 F.3d 738, 745 (9th Cir. 2008) ("Where the BIA's decision granting a motion for reconsideration expressly affirms the BIA's prior decision and its analysis does not significantly differ . . . . federal court jurisdiction is divested only where the BIA subsequently vacates or materially changes the decision under review."), *overruled on other grounds by Marmolejo-Campos v. Holder*, 558 F.3d 903 (9th Cir. 2009) (en banc); *Jaggernauth v. U.S. Att'y Gen.*, 432 F.3d 1346, 1351-52 (11th Cir. 2005) (court retains jurisdiction when the BIA reconsiders an earlier decision and "explicitly upholds" it).

Unlike the situations presented in *Lopez-Ruiz*, *Timbreza*, and *Cordes*, we are the sole tribunal considering Saavedra-Figueroa's removability. *See Lopez-Ruiz*, 298 F.3d at 887; *Timbreza*, 410 F.3d at 1083; *Cordes*, 517 F.3d at 1095. In addition, the petitioners in those three cases could seek review before an IJ. Saavedra-Figueroa cannot, so a decision that we lack jurisdiction would strip him of his right to obtain review of the BIA's determination that he is removable.[2]

## III.

Saavedra-Figueroa contends that a misdemeanor violation

---

[2]Because we hold that the BIA's August 2005 decision remains a final, appealable order of removal, we need not address the government's suggestion that we use our "inherent authority" to remand the case to the BIA. But we do note that inherent authority is a "source[ ] of jurisdiction," not an alternative to it. *In re North*, 383 F.3d 871, 875 (9th Cir. 2004). The government's argument appears to be that we have just enough jurisdiction to grant its desired relief but not enough to grant Saavedra-Figueroa the relief he requests. Such an arbitrary limit on our jurisdiction would be neither equitable nor consistent with our duty to exercise our inherent authority to "protect the integrity of the judicial process." *Dixon v. Comm'r*, 316 F.3d 1041, 1046 (9th Cir. 2003).

of California Penal Code § 236 is not a categorical CIMT because conduct that would potentially be morally turpitudinous (such as false imprisonment "effected by violence, menace, fraud, or deceit") is felony false imprisonment, not misdemeanor false imprisonment. The government declined to brief this issue, preferring to rely entirely on its jurisdictional argument. We assume, however, that the government would have disagreed with Saavedra-Figueroa's contention.[3]

## A.  Legal Standard

The BIA must conduct a two-step analysis to determine whether an alien has been convicted of a categorical CIMT. First, it must interpret the statute and, in certain cases, examine the record of conviction to "determine what offense the [alien] has been convicted of committing." *Marmolejo-Campos*, 558 F.3d at 907. We review the BIA's determination of this issue de novo. *Id.* at 907-08. Second, the BIA must "determine whether the [alien's] conduct meets" the federal generic definition of a CIMT. *Id.* at 907. If the BIA issues or relies on a precedential determination to conclude that a particular crime is a CIMT, we accord it *Chevron* deference; otherwise, we defer to the BIA's determination only to the extent that it has power to persuade (*Skidmore* deference). *Id.* at 910-11 (discussing *Chevron, U.S.A., Inc. v. Natural Res. Def. Council, Inc.*, 467 U.S. 837 (1984), and *Skidmore v. Swift & Co.*, 323 U.S. 134 (1944)).

## B.  Decisions Below

The IJ concluded that California Penal Code § 236 was a categorical CIMT because:

> This Court believes that the people of the state of California find the personal liberty of their citizens

---

[3]Before the IJ, the government conceded it had no authority holding that misdemeanor false imprisonment under California law is a CIMT.

to be of paramount importance. The willful and unlawful violation of that personal liberty for any reason, even perhaps a good faith belief that he was engaging in a citizen's arrest, is of such consequence that an individual acting in that capacity, willfully and unlawfully, enters into a realm in which his actions are considered to be of such substantial moment that the personal liberty of another would be violated, and the Court finds that therefore, this is a crime that is considered vile and heinous by the people of the state of California and any violation of Section 236 is such a crime.

The BIA summarily affirmed the IJ's conclusion.

## C. Elements of the Offense

[1] California Penal Code § 236 defines false imprisonment as "the unlawful violation of the personal liberty of another." It is a general intent crime, because its definition "includes only a description of the particular act without any reference to an intent to do a further act or achieve a further consequence." *People v. Fernandez*, 26 Cal. App. 4th 710, 717 (1994). It "may be committed by acts or by words, or both, and by merely operating upon the will of the individual or by personal violence, or both." *Id.* "The conduct may involve merely the simple act of announcing without probable cause the making of a citizen's arrest, the natural consequence of which is to cause the police to take the victim into custody." *People v. Henderson*, 19 Cal. 3d 86, 93 (1977), *overruled on other grounds by People v. Flood*, 18 Cal. 4th 470 (1998).

Felony false imprisonment is "effected by violence, menace, fraud, or deceit." Cal. Penal Code § 237; *see also Fernandez*, 26 Cal. App. 4th at 717. A false imprisonment is "effected by violence" where the defendant uses greater force than reasonably necessary to effect the restraint. *People v. Castro*, 138 Cal. App. 4th 137, 143 (2006) (defendant who

pulled victim towards his car committed felony false imprisonment by using more force than necessary to restrain her). False imprisonment using menacing words is also a felony. *See People v. Aispuro*, 157 Cal. App. 4th 1509, 1513 (2007) (defendant was guilty of felony false imprisonment when he ordered two minor children to sit in the middle of the street, threatened to harm them if they did not, and did not respond to their pleas not to hurt them).

**[2]** Because of these differences between misdemeanor and felony false imprisonment, we determine that a section 236 misdemeanor conviction has only two elements: (1) the violation of another's personal liberty and (2) the unlawfulness of that violation. *People v. Agnew*, 16 Cal. 2d 655, 664 (1940). It does *not* require an intent to harm the victim.

## D.   Categorical Analysis

We have held that the federal generic definition of a CIMT is a crime involving fraud or conduct that (1) is vile, base, or depraved and (2) violates accepted moral standards. *Morales-Garcia v. Holder*, 567 F.3d 1058, 1062 & n.2 (9th Cir. 2009). Non-fraudulent CIMTs "almost always involve an intent to harm someone." *Nunez v. Holder*, 594 F.3d 1124, 1131 & n.4 (9th Cir. 2010).[4]

To determine whether a non-fraudulent crime is a CIMT, the "most useful guidance often comes from comparing the crime with others that we have previously deemed morally

---

[4]An intent to harm is not always necessary. *Nunez*, 594 F.3d at 1131 n.4; *see also Matter of Franklin*, 20 I. & N. Dec. 867, 869 (BIA 1994) (acts that cause serious harm to people, such as involuntary manslaughter, can be categorical CIMTs even if the harm was not specifically intended); *Morales v. Gonzales*, 478 F.3d 972, 978 (9th Cir. 2007) (where a protected class of victims, such as minors, is involved, certain unintentional acts that only threaten harm may be categorical CIMTs). These exceptions do not apply to section 236, which does not proscribe conduct that categorically causes serious harm or is directed against a protected class of persons.

turpitudinous." *Id* at 1131. Where we have not resolved whether a particular crime is a categorical CIMT, we look to other federal and state courts for guidance. *See United States v. Santacruz*, 563 F.3d 894, 896 n.3 (9th Cir. 2009).

**[3]** Whether a California Penal Code § 236 misdemeanor violation is a categorical CIMT is a question of first impression in this circuit. We determine that it is not, because section 236 does not require the defendant to have had the intent to harm necessary for the crime to be "base, vile, or depraved." Under California law, false imprisonment committed with an intent to harm—i.e. "[intentional] violence, menace, fraud, or deceit"—is a felony, not a misdemeanor. Cal. Penal Code § 237.[5]

Our determination that a section 236 misdemeanor violation is not a categorical CIMT is supported by our precedent. We have held that misdemeanor simple assault is not a CIMT where the relevant statute criminalizes willful, intentional, and reckless acts. *Fernandez-Ruiz v. Gonzales*, 468 F.3d 1159, 1165-66 (9th Cir. 2006). We also explained the importance of intent when discussing the BIA's holding that simple DUI is not a CIMT:

> Although the dangers of drunk driving are well established, the Board's unwillingness to classify it as a crime of moral turpitude is, perhaps, not surprising because statutes that prohibit driving under the influence typically do not require intent, but rather "are, or are most nearly comparable to, crimes that impose strict liability."

*Marmolejo-Campos*, 558 F.3d at 913; *cf. Leocal v. Ashcroft*, 543 U.S. 1, 11 (2004). Our holding is shared by the California courts, which require "the addition of [violence, menace,

---

[5]We express no opinion on whether a conviction for felony false imprisonment under California law is a categorical CIMT.

fraud, or deceit] to the simple violation of personal liberty of another [to] make[ ] the crime one involving moral turpitude." *People v. Cornelio*, 207 Cal. App. 3d 1580, 1584 (1989).

**[4]** The BIA's contrary determination is not entitled to *Chevron* deference, because the BIA did not issue or rely on a precedential decision. *See Marmolejo-Campos*, 558 F.3d at 908-09. Nor is it entitled to *Skidmore* deference. *See Uppal v. Holder*, 605 F.3d 712, 715 (9th Cir. 2010). The BIA adopted the IJ's decision as its own, and that decision was "neither thoroughly reasoned nor consistent with prior . . . case law." *Id.* The IJ erroneously assumed that all section 236 violations required the "willful and unlawful violation" of another's personal liberty, but as discussed *supra*, misdemeanor convictions do not require willfulness. The IJ speculated that the "willful and unlawful violation of [another's] personal liberty . . . is considered heinous by the people of the state of California" without any analysis. His reasoning that such a violation of "personal liberty" is morally turpitudinous, even when the defendant has a good-faith belief that he was engaging in a citizen's arrest, is irreconcilable with the BIA's understanding of the intent necessary for an offense to be a CIMT. *See Nunez*, 594 F.3d at 1131 n.4. Such a decision has no persuasive authority.

## E.    Effect of *Silva-Trevino*

After the BIA entered its June 2007 order, the Attorney General issued *In re Silva-Trevino* to "establish[ ] an administrative framework for determining whether an alien has been convicted of a crime involving moral turpitude." 24 I. & N. Dec. 687, 689 (2008). Even assuming that *Silva-Trevino* applies retroactively, it does not change our conclusion that a misdemeanor conviction under California Penal Code § 236 is not categorically a CIMT.[6]

---

[6]Since a section 236 misdemeanor conviction does not meet the *Silva-Trevino* criteria, we do not decide whether Silva-Trevino may be applied retroactively.

*Silva-Trevino* provides that to qualify as a CIMT, a crime must involve (a) reprehensible conduct and (b) "some degree of scienter, whether specific intent, deliberateness, willfulness, or recklessness." *Id.* at 689 n.1. A misdemeanor conviction under section 236 does not meet these criteria. Even if an "unlawful violation of the personal liberty of another" is reprehensible conduct, a misdemeanor conviction does not require any degree of scienter.

For a crime to be categorically broader than the definition of a CIMT, *Silva-Trevino* requires that there be a "realistic probability, not a theoretical possibility" that the statute of conviction will be applied to non-morally turpitudinous conduct. *Id.* at 689-90. We hold that *People v. Agnew* satisfies this requirement: It affirmed the section 236 conviction of a defendant who announced without probable cause that he was making a citizen's arrest for perjury, causing the police to arrest the victim. 16 Cal. 2d at 659-60. *Agnew* demonstrates a "reasonable probability" that section 236 applies to non-morally turpitudinous conduct. *See Gonzales v. Duenas-Alvarez*, 549 U.S. 183, 193 (2007). Accordingly, *Silva-Trevino* does not alter our categorical analysis.

## IV.

**[5]** In the absence of a categorical match, we generally apply a modified categorical analysis, in which we consider whether record documents or judicially noticeable facts establish that the alien's prior conviction satisfies the generic offense. *See Kepilino v. Gonzales*, 454 F.3d 1057, 1062 (9th Cir. 2006). Regardless of whether we may apply this approach in this case in light of our holding that misdemeanor false imprisonment lacks an element of the generic crime — *see Navarro-Lopez v. Gonzales*, 503 F.3d 1063, 1073 (9th Cir. 2007) (en banc) — the application of the modified categorical approach would make no difference. Although Saavedra-Figueroa admitted both section 236 misdemeanor convictions, there is no record evidence of the factual allegations underly-

ing his second conviction. Accordingly, we cannot determine that the second conviction was based on a judicial determination of facts that fall within the federal generic definition of a CIMT. *See Taylor v. United States*, 495 U.S. 575, 599-602 (1990). Saavedra-Figueroa is therefore not removable under INA § 237(a)(2)(A)(ii).

## V.

We now consider whether a remand to the BIA is appropriate. The government contends that an unrestricted remand is appropriate so that it can allege that Saavedra is removable on additional grounds and introduce additional, unspecified evidence.

We have declined to remand cases for the government to introduce further evidence where (1) the current record of conviction does not support a determination of removability and (2) all relevant documents of conviction became available before DHS initiated removal proceedings. *See Fernandez-Ruiz v. Gonzales*, 466 F.3d 1121, 1132-35 (9th Cir. 2006) (en banc); *see also Ruiz-Vidal v. Gonzales*, 473 F.3d 1072, 1079-80 (9th Cir. 2007).

**[6]** *Fernandez-Ruiz* controls our case. As we explained, Saavedra-Figueroa's convictions cannot support the BIA's finding of removability under either the categorical approach or modified-categorical approach because misdemeanor false imprisonment lacks a necessary element of a CIMT—an intent to harm. Even if record evidence could narrow Saavedra-Figueroa's convictions to CIMTs, the record here contains no facts allowing us to do so, and the government hasn't identified any new facts it would introduce on remand. The government does not claim that any additional documents of conviction became available after DHS initiated removal proceedings. We decline to remand this case simply to allow the government to go on a fishing expedition.

The government also seeks remand in order to add a new allegation—that Saavedra-Figueroa is removable based on a possible 2005 conviction for violating California Penal Code § 136.1(b)(1), which prohibits witness intimidation. We decline this request for three reasons. First, as the government concedes, this conviction is not properly before us because it was neither alleged nor found to be a basis for removability below.[7] Second, although the supposed section 136.1(b)(1) conviction predates the NTA, the government has not explained why the NTA didn't allege it. Finally, even assuming that a conviction under section 136.1(b)(1) is a CIMT, the government at most would establish that Saavedra-Figueroa committed one of the two CIMTs that the government must prove for Saavedra-Figueroa to be removable under INA § 237(a)(2)(A)(ii). Remand would therefore serve no purpose.

## VI.

We determine that we have jurisdiction over Saavedra-Figueroa's petition for review, and we conclude that (1) a misdemeanor violation of California Penal Code § 236 is not a categorical CIMT; (2) Saavedra-Figueroa is not removable under INA § 237(a)(2)(A)(ii); and (3) the government has not shown that remand to the BIA for further proceedings is warranted. Accordingly, Saavedra-Figueroa's petition for review is **GRANTED**, and the BIA's final order of removal is **VACATED**.

---

[7]The government raised this conviction for the first time in its answering brief to this court.