**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MARCO ANTONIO ALVARADO-RAMIREZ, a.k.a. Marco Ramirez; et al.,<br><br>Petitioner,<br><br>v.<br><br>ERIC H. HOLDER, Jr., Attorney General,<br><br>Respondent. | No. 06-71965<br><br>Agency No. A092-239-570<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted August 4, 2010
Seattle, Washington

Before: NOONAN, THOMPSON, and BERZON, Circuit Judges.

Marco Antonio Alvarado-Ramirez is a citizen and national of Mexico who

became a lawful permanent resident of the United States in 1989.

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

1

In 2005, an Immigration Judge found Alvarado inadmissible to the United States after a visit to Mexico, on the basis of several criminal convictions, and also held him ineligible to apply for a waiver of inadmissibility under former Immigration and Nationality Act ("INA") § 212(c). Alvarado appealed only the denial of § 212(c) relief to the Board of Immigration Appeals ("BIA"), contending that application of former § 212(c)'s repeal to him produces an impermissible retroactive effect. In a one-member, non-precedential decision, the BIA affirmed, citing this Court's decision in *Armendariz-Montoya v. Sonchik*, 291 F.3d 1116 (9th Cir. 2002) as preclusive of Alvarado's contention. This petition for review timely followed.

## DISCUSSION

### I. Retroactivity

We review de novo the BIA's conclusions of law regarding retroactive application of the § 212(c) repeal, *see Rice v. Holder*, 597 F.3d 952, 955 (9th Cir. 2010), and without *Chevron* deference, both because the only statutory question raised is one of retroactivity, *see Ledezma-Galicia v. Holder*, 2010 WL 5174979 at *6 n.9

2

(9th Cir. Dec. 22, 2010), and because the "BIA did not issue or rely on a precedential decision." *Saavedra-Figueroa v. Holder*, 625 F.3d 621, 627 (9th Cir. 2010).[1]

### 1. The *Ponnapula* Theory

*Ponnapula v. Ashcroft* held that applying § 212(c)'s repeal to noncitizens "who affirmatively turned down a plea agreement" and "were convicted prior to the effective date of IIRIRA's repeal of former § 212(c)" would produce an impermissible retroactive effect. 373 F.3d 480, 494 (3d Cir. 2004). Alvarado urges this Court to follow the Third Circuit.

We need not decide whether the *Ponnapula* approach is, as the government argues, inconsistent with *Armendariz-Montoya v. Sonchik*, 291 F.3d 1116 (9th Cir. 2002), as Alvarado does not fall within the class of noncitizens who may have reasonably relied on the continued availability of § 212(c) relief by affirmatively declining a plea agreement. Alvarado testified that he was offered a plea agreement conditioned on his co-defendant also accepting a plea agreement, but that he went to trial because his co-defendant declined the agreement offered. Thus, unlike Ponnapula, Alvarado cannot claim that he made a decision with respect to a plea

---

[1] We need not decide whether the BIA's interpretations of the INA are entitled to *Skidmore* deference, *see Marmolejo-Campos*, 558 F.3d 903, 908-09 (9th Cir. 2009) (en banc), as we would affirm the BIA even if we did not accord it such deference.

3

agreement as to which he reasonably relied (or may have reasonably relied) on the continued availability of § 212(c) relief. He had no decision to make regarding the plea; it was made for him.

Moreover, neither Alvarado's decision to commit a crime nor his decision to go to trial rather than plead guilty "straight up" to the offenses charged, under our precedents, can serve as the basis for a retroactivity challenge either. *See Armendariz-Montoya*, 291 F.3d at 1121-22.

## 2. The *Restrepo* theory

Alvarado argues that we should follow the Second Circuit's decision in *Restrepo v. McElroy*, 369 F.3d 627, 634-37 (2d Cir. 2004). In that decision, the Second Circuit observed that lawful permanent residents who were aware that they were inadmissible or deportable could, while § 212(c) was in force, affirmatively apply for § 212(c) relief with the regional INS District Director before the government placed them in exclusion or deportation proceedings, s*ee* 8 C.F.R. § 212.3(c) (1995), and that some noncitizens delayed their affirmative applications to acquire positive equities by developing community ties and leading virtuous lives in the interim. *Restrepo*, 369 F.3d at 632-35; *see also In re Gordon*, 17 I.&N. Dec. 389, 391-92 (BIA 1980).

Again, *Armendariz-Montoya* may be consistent with *Restrepo*, but the issue is not fairly before us in this case. Former INA § 212(c) was repealed in 1996 by two different statutes. First, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, title IV, 110 Stat. 1214, which expanded the range of offenses that constituted aggravated felonies and made noncitizens convicted of aggravated felonies automatically ineligible for § 212(c) relief, regardless of the term of imprisonment they served. *See* AEDPA § 440(d), 110 Stat. 1277. AEDPA was signed into law on April 24, 1996. Later that year, Congress passed the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA"), Pub. L. No. 104-208, div. C., 110 Stat. 3009-546, which repealed then INA § 212(c) outright. *See* IIRIRA § 304(b), 110 Stat. 3009-597. IIRIRA was signed into law on September 30, 1996.

In *Restrep*o, the Order to Show Cause was filed on November 19, 1996, so only AEDPA § 440(d), not IIRIRA § 304(b) applied. *See Restrepo*, 369 F.3d at 630 & 630 n.4. Alvarado's Notice to Appear was both served and filed in 2005, so his case is governed by *both* AEDPA § 440(d) and IIRIRA § 304(b). The distinction is crucial.

AEDPA § 440(d) went into effect upon its passage on April 24, 1996. Its restrictions on § 212(c) relief apply to aliens whose deportation proceedings were commenced before the Immigration Court on or after that date. *See* 8 C.F.R. §

5

212.3(g); *Magano-Pizano v. INS*, 200 F.3d 603, 611 (9th Cir. 1999). IIRIRA § 304(b), by contrast, was to be effective "on the first day of the first month beginning more than 180 days after" the statute's enactment, IIRIRA § 309(a), 110 Stat. 3009-625, that is April 1, 1997. *See Fernandez-Vargas v. Gonzales*, 548 U.S. 30, 45 (2006). IIRIRA therefore granted noncitizens "a grace period between the unequivocal warning that a tougher removal regime lay ahead and actual imposition of the less opportune terms of the new law." *Id.*

Unlike a decision to accept or a decline a plea agreement, Alvarado's alleged decision *not* to apply for § 212(c) relief was open to revisitation at any moment. *Cf. id.* at 44 (distinguishing St. Cyr's guilty plea, which was "entirely past" and which "there was no question of undoing" from "an indefinitely continuing violation that the alien could end at any time"). As to such continuous acts or omissions, IIRIRA's "grace period" gave individuals "ample notice that the new law could be applied to [them] and ample opportunity to avoid that very possibility . . . ." *Id.* at 45. So, if, as *Restrepo* held, AEDPA § 440(d)'s limitation of § 212(c) relief could not be applied to Alvarado, he still had an opportunity to apply for § 212(c) relief during IIRIRA's "grace period." Given the notice and grace period Congress provided in IIRIRA, Alvarado cannot make a credible claim that the "familiar considerations of fair notice, reasonable reliance, and settled expectations" that inform retroactivity analysis,

6

*Martin v. Hadix*, 527 343, 358 (1999) (quoting *Landgraf*, 511 U.S. 244, 270 (1994)), indicate Congress did not intend IIRIRA § 304(b) to apply to noncitizens in his situation.

## II. Equal Protection

Finally, Alvarado contends that applying the repeal of former § 212(c) to aliens convicted after a jury trial but not to aliens who accepted plea agreements lacks a rational basis and would violate constitutional equal protection. Alvarado was not required to exhaust his equal protection claim because it is a claim that the agency could not be expected to resolve. *See Figueroa v. Mukasey*, 543 F.3d 487, 492 (9th Cir. 2008); *cf. Garcia-Ramirez v. Gonzales*, 423 F.3d 935, 938 (9th Cir. 2005).

Rational basis review applies here, because Alvarado does not argue that the statutory distinctions discriminate against a protected class "or trench on any fundamental rights." *Abebe v. Mukasey*, 554 F.3d 1203, 1206 (9th Cir. 2009) (per curiam) (en banc). There is assuredly a conceivable rational reason, *see Abebe*, 554 F.3d at 1206, Congress would apply the repeal of § 212(c) relief to noncitizens who had no choice but to go to trial but not to those who pleaded guilty: Noncitizens who, like Alvarado, had no choice but go to trial could not have relied upon the continuing availability of § 212(c) relief in deciding whether to go to trial, and so acquired no

reliance interest that Congress would be reluctant to disrupt. *See Armendariz-Montoya*, 291 F.3d at 1121-22.

## CONCLUSION

For the foregoing reasons, Alvarado's petition for review is DENIED.