Filed 8/2/21  P. v. Anderson CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C091238 |
| Plaintiff and Respondent, | (Super. Ct. Nos. 18FE022746, 19FE013888) |
| v. | |
| STERLING RAYFIELD ANDERSON, | |
| Defendant and Appellant. | |

A jury found defendant Sterling Rayfield Anderson guilty of felony false imprisonment (Pen. Code, § 236; statutory section references that follow are to the Penal Code) and three counts of misdemeanor sexual battery (§ 243.4, subd. (e)(1)) after he backed a woman against her car in a parking lot and touched her body several times.  On appeal, defendant contends there was insufficient evidence to support the jury's verdict on all counts.  We conclude that substantial evidence supports the jury's verdict and affirm the judgment.

1

FACTS AND HISTORY OF THE PROCEEDINGS

One morning Judith, a thirty-year-old woman standing between 5-foot-1 and 5-foot-2 inches tall, parked her car in a parking lot to begin her workday as a caretaker. She got out of her car and leaned against the driver's side door to take some belongings out of the passenger seat. Judith sensed a presence behind her, felt something swipe at her "butt," and heard a voice. Startled, Judith turned around and saw a thin man, between 6-foot-3 inches and 6-foot-5 inches tall. He stood chest-to-chest with Judith, and was at most six inches from her. Judith did not recognize the man but later identified him as defendant.

Defendant placed his left hand on Judith's car door and his right hand in front of his body. Judith and defendant stood in the "V" of her open car door, with Judith's back to the car. She was unable to backup any further. Defendant asked Judith for a cigarette, and she said that she did not smoke and did not have one. Defendant persisted and continued to ask. As they "danced around" this conversation, defendant remained approximately six inches from Judith with his hand on the car door and did not move.

Defendant reached out and attempted to swipe at Judith's left breast, but she was able to pull back and he touched her stomach instead. Judith then realized that defendant's first touch to her buttocks had been intentional, because he had swiped at her breast and because his initial touch was too firm to have been accidental. She told defendant to move because she was late to work, but he did not move. Judith described defendant as "a tree" with no intention of moving. He reached with his other hand and swiped at her right breast. Judith attempted to pull away but she was "so far into the . . . car door that there was nowhere for [her] to go," and defendant touched her breast.

Defendant's eyes were "totally glazed over, like the lights are on, but nobody's home." Judith thought defendant was "either on something or off of something." She believed anything could happen and was afraid for her life. Realizing defendant was not going to let her leave, Judith used an "old football-tackle style" to push him out of the

2

way with her shoulder. She closed the car door and walked towards the nearby building. As she walked away, defendant reached and swiped her "butt" again. Defendant had a smirk on his face, "like he knew he was getting away with something." The look on defendant's face made Judith think he liked touching her.

Judith felt furious, completely disrespected, and scared. She walked to the callbox outside the nearby building and called security. Defendant continued to follow Judith, speaking to her unintelligibly in a low, soft-spoken, "almost a little slurry" voice. Judith went inside the building, shaking. She sent out a text message to all her coworkers, warning them to be careful because she was sexually assaulted in the parking lot.

Judith called the police later that day. Judith told the police that defendant would not let her leave and made her feel trapped with his body. She felt threatened, overpowered, and scared.

After the jury heard all the evidence, but prior to closing arguments, defendant moved for a judgment of acquittal of the false imprisonment charge per section 1118.1. The trial court denied the motion, finding that Judith's testimony about defendant's size and demeanor, as well as her testimony that defendant backed her into her car after he first touched her buttocks, constituted sufficient evidence of false imprisonment to bring the charge to the jury.

The jury found defendant guilty of false imprisonment (§ 236), and three counts of misdemeanor sexual battery (§ 243.4, subd. (e)(1)). The trial court also found defendant to be in violation of probation in case No. 18FE022746.

The trial court sentenced defendant to an aggregate term of four years four months in state prison, comprised of the upper term of three years for false imprisonment (§ 236), and 180 days consecutive for each of the three counts of sexual battery, which were stayed pursuant to section 654. The aggregate sentence also included a consecutive eight-month term, one-third the midterm, on two counts of false imprisonment in separate case No. 18FE022746.

DISCUSSION

I

*Sufficiency of the Evidence of False Imprisonment*

Defendant first argues there was insufficient evidence of violence or menace for the jury to find him guilty of false imprisonment. Specifically, he contends defendant did not use force to restrain Judith, Judith was able to push past him, and his relative size alone cannot support a finding of violence. Defendant also argues there was no evidence of menace presented at trial because defendant made no threats of harm, either express or implied. We conclude substantial evidence of menace supports the false imprisonment verdict.

False imprisonment is the " 'unlawful violation of the personal liberty of another.' " (§ 236.) It occurs "when 'the victim is "compelled to remain where he does not wish to remain, or to go where he does not wish to go." ' " (*People v. Reed* (2000) 78 Cal.App.4th 274, 280.) False imprisonment is a felony if it is effected by violence or menace. (§ 237, subd. (a).) In this context, " ' "[v]iolence" means " 'the exercise of physical force used to restrain over and above the force reasonably necessary to effect such restraint.' " ' " [Citations.] " 'Menace' " is defined as " ' " 'a threat of harm express or implied by word or act.' " ' " (*Reed*, at p. 280.)

"An express or implied threat of harm does not require the use of a deadly weapon or an express verbal threat to do additional harm. Threats can be exhibited in a myriad number of ways, verbally and by conduct." (*People v. Aispuro* (2007) 157 Cal.App.4th 1509, 1513.) A jury may properly consider the victim's fear when determining whether the defendant impliedly or expressly threatened harm. (*People v. Islas* (2012) 210 Cal.App.4th 116, 127.)

"In determining whether the evidence was sufficient either to sustain a conviction or to support the denial of a [motion for judgment of acquittal], the standard of review is

4

essentially the same. [Citation.] ' "We do not determine the facts ourselves. Rather, we 'examine the whole record in the light most favorable to the judgment to determine whether it discloses substantial evidence—evidence that is reasonable, credible and of solid value—such that a reasonable trier of fact could find the defendant guilty beyond a reasonable doubt.' [Citation.]" ' " (*People v. Hajek and Vo* (2014) 58 Cal.4th 1144, 1182-1183.)

Viewing the evidence in the light most favorable to the judgment, we conclude there is sufficient evidence of menace, based on defendant's conduct, to support the false imprisonment conviction. Defendant was over a foot taller than Judith. He snuck up behind Judith while she was alone in a parking lot and touched her buttocks, startling her. When she turned around, she found defendant, a stranger, standing only six inches away. Defendant positioned his hands and body to trap Judith inside the "V" of her car door, where he then swiped at her breast, twice. Judith knew that he intentionally touched her body and perceived his smirk as enjoyment. His eyes were glazed over and he refused to move. She had to escape by pushing her way past him. Judith felt threatened, overpowered, and afraid for her life.

Thus, although defendant did not expressly threaten Judith, a reasonable trier of fact could have found that defendant's actions threatened harm to Judith. (*People v. Wardell* (2008) 162 Cal.App.4th 1484, 1491 ["When a rational fact finder could conclude that a defendant's acts or words expressly or impliedly threatened harm, the fact finder may find that there is menace sufficient to make false imprisonment a felony"].) Here, defendant was a large stranger, who approached Judith from behind, backed her against her car while she was alone, touched her buttocks and breast against her will, and refused to move, causing Judith to fear for her life. This is sufficient evidence of menace to support the false imprisonment conviction.

5

Because we find there is sufficient evidence to support the conviction for felony false imprisonment by menace, we need not address the parties' arguments regarding felony false imprisonment by violence.

## II

*Sexual Battery*

Defendant next argues there was insufficient evidence of sexual arousal, gratification, or abuse to support the sexual battery convictions. The argument is unpersuasive.

Section 243.4 provides: "(e)(1) Any person who touches an intimate part of another person, if the touching is against the will of the person touched, and is for the specific purpose of sexual arousal, sexual gratification, or sexual abuse, is guilty of misdemeanor sexual battery . . . ." A "touch" is defined as "physical contact with another person, whether accomplished directly, through the clothing of the person committing the offense, or through the clothing of the victim." (§ 243.4, subd. (f).) " 'Intimate part' means the sexual organ, anus, groin, or buttocks of any person, and the breast of a female." (§ 243.4, subd. (g)(1).) "[T]he sexual battery statute's use of the phrase touching 'for the specific purpose of . . . sexual abuse' encompasses a purpose of insulting, humiliating, intimidating, or physically harming a person sexually by touching an 'intimate part' of the person." (*In re Shannon T.* (2006) 144 Cal.App.4th 618, 621.) Physical injury resulting from the touch is not required. (*Id.* at p. 622.)

" 'Evidence of . . . state of mind is almost inevitably circumstantial, but circumstantial evidence is as sufficient as direct evidence to support [sustaining an allegation].' [Citation.]" (*People v. Rios* (2013) 222 Cal.App.4th 542, 568.) " '[T]he trier of fact looks to all the circumstances, including the charged act, to determine whether it was performed with the required specific intent.' [Citations.]" (*People v. Martinez* (1995) 11 Cal.4th 434, 445.)

Defendant does not dispute, and the record establishes, that he touched Judith's buttocks twice and touched her breast once, against her will. We find there was sufficient evidence to support the third element, specifically, that defendant acted for the specific purpose of sexual abuse. In the first instance, defendant snuck up on Judith from behind and touched her buttocks, startling her. After he backed Judith into her car, he attempted to touch her breast, which she dodged, but then he swiped again, touching her other breast. When Judith pushed defendant out of the way, defendant touched her buttocks again as she walked away.

Defendant did not touch Judith on any part of her body besides her buttocks and breast. There is no evidence that defendant had any legitimate reason to touch Judith, a stranger, on an intimate body part, three times. Indeed, defendant touched her in a stealthy manner in a location where he could not easily be seen, and in a way where she was unable to avoid his touches. He did not apologize or explain himself after touching Judith. In fact, defendant had a "smirk" on his face, which Judith perceived as an indication that he liked touching her and knew he was getting away with something.

A reasonable jury could conclude from these circumstances that defendant touched Judith on intimate body parts, against her will, for the purpose of humiliating and intimidating her, which constitutes sexual battery.

DISPOSITION

The judgment is affirmed.

                                                  
_____

HULL, Acting P. J.

We concur:

_____

MAURO, J.

_____

RENNER, J.