NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

DEC 15 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| AGUSTIN GALLARDO-BALMACEDA, <br><br> Petitioner, <br><br> v. <br><br> MERRICK B. GARLAND, Attorney General <br><br> Respondent. | No. 22-1245 <br><br> Agency No. 209-876-830 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted October 16, 2023
San Francisco, California

Before: SILER[**], NGUYEN, and R. NELSON, Circuit Judges.
Dissent by Judge NGUYEN.

Petitioner Agustin Gallardo-Balmaceda ("Gallardo" or "Petitioner") appeals

the Board of Immigration Appeal's ("BIA") dismissal of his appeal of the

immigration judge's ("IJ") inadmissibility determination and grant of voluntary

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable Eugene E. Siler, United States Circuit Judge for the U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

departure in lieu of removal.

1.    In April 2017, Border Patrol pulled Gallardo over and arrested him on suspicion of being in the United States unlawfully.  At his first master calendar hearing, the Department of Homeland Security filed Form I-213 Record of Deportable/Inadmissible Alien.  Petitioner's counsel explained that she needed time to challenge the admissibility of the form because she thought the evidence was obtained in violation of his constitutional rights.  Counsel also put forth allegations of a constitutional violation.  The IJ stated, "I haven't seen a constitutional violation yet," and admitted the form.  Gallardo then filed a pleading titled "Objections to I-213," and a different IJ later explained that the form would not be suppressed because he "did not intend to revisit the issue."  Gallardo claims that his due process rights were violated because he did not have the opportunity to move to suppress the admission of the form.  We have jurisdiction under 8 U.S.C. § 1252 and review constitutional claims and questions of law de novo.  *See, e.g.*, *Saavedra-Figueroa v. Holder*, 625 F.3d 621, 623–24 (9th Cir. 2010); *Ram v. I.N.S.*, 243 F.3d 510, 516 (9th Cir. 2001).  We deny the petition.

2.    A noncitizen's due process rights are violated when "the proceeding was so fundamentally unfair that [he] was prevented from reasonably presenting his case."  *Lacsina Pangilinan v. Holder*, 568 F.3d 708, 709 (9th Cir. 2009).  The noncitizen must also demonstrate "prejudice, which means that the outcome of the

2

proceedings may have been affected by the alleged violation." *Id.* Here, the BIA properly dismissed the appeal, holding that Petitioner managed to object to Form I-213 and that Petitioner did not suffer prejudice.

The BIA may not act as a fact finder. *See Rodriguez v. Holder*, 683 F.3d 1164, 1173 (9th Cir. 2012). But the BIA did not act as a fact finder here. It held that Gallardo's assertions in the affidavit accompanying his "Objections to I-213" pleading "were very general in nature," and they were insufficient to challenge the admissibility of the form. The assertions, even if accepted as true, could not support finding an "egregious" violation of the Fourth Amendment. *See also Martinez-Medina*, 673 F.3d at 1034. Thus, Petitioner did not demonstrate that he was prejudiced. *Pangilinan*, 568 F.3d at 709.

3. Even if factual issues did impact the admissibility of the form, the factual issues were raised to the IJ at Petitioner's first master calendar hearing and properly rejected by the IJ. Gallardo's affidavit accompanying his "Objections to I-213" pleading did not raise new factual assertions beyond those raised to the IJ at his first master calendar hearing that would influence the admissibility determination. Thus, the BIA properly held that Petitioner did not demonstrate that he experienced a due process violation.

**DENIED.**

*Augustin Gallardo-Balmaceda v. Garland*, 22-1245

NGUYEN, Circuit Judge, dissenting:

Petitioner Gallardo-Balmaceda attempted to raise a Fourth Amendment challenge at the earliest opportunity, which was at the master calendar hearing. But the Immigration Judge ("IJ") refused to consider the merits of the claim because, in the IJ's words, "that's way out of my pay level." Yet the majority concludes that no further IJ adjudication was necessary, or alternatively, that the IJ actually considered and rejected the merits of Gallardo-Balmaceda's claim. Because the majority's view is unsupported by our case law and the record, I respectfully dissent.

## I. The BIA Erred in Finding Gallardo-Balmaceda Suffered No Prejudice

The majority rightly concedes that the Board of Immigration Appeals ("BIA") cannot engage in fact-finding, but then proceeds to affirm the BIA's factual finding that Gallardo-Balmaceda's affidavit was insufficient to challenge the government's version of events.

After refusing to consider Gallardo-Balmaceda's constitutional challenge to the Form I-213,[1] the IJ admitted the Form and relied on it to sustain the charge of

---

[1] In response to counsel's attempt to argue that the traffic stop was illegal, the IJ stated, "that's way out of my pay level," and "it's like arguing, you know,

1

removability. The BIA criticized the IJ's "inappropriate and intemperate" behavior, but found no prejudice because Gallardo-Balmaceda was able to later file a motion titled "Objections to I-213," accompanied by an affidavit, which presented "general in nature, unsubstantiated, and unfounded," assertions.

But the BIA was without authority to make such a determination. Gallardo-Balmaceda's affidavit raised various factual challenges to the government's version of the stop; for example, whether Gallardo-Balmaceda behaved suspiciously by swerving in his lane and was rigid and stiff. And Gallardo-Balmaceda was never given an opportunity to testify in support of his assertions that there was no "reason to pull [him] over," and that the stop may have been racially motivated, which is "never grounds for reasonable suspicion." *Sanchez v. Sessions*, 904 F.3d 643, 651 (9th Cir. 2018). Because the BIA improperly acted as a fact-finder, I would remand the case for the IJ to resolve credibility findings in the first instance. *See Brezilien v. Holder*, 569 F.3d 403, 413 (9th Cir. 2009) ("[W]here the IJ has not made a necessary factual finding, [8 C.F.R. § 1003.1(d)(3)(iv)] requires the BIA to remand the factual inquiry to the IJ rather than making its own factual finding on the matter.").

---

how many angels can dance on the head of a pin?" The IJ also refused to grant a continuance for Gallardo-Balmaceda's counsel to review the Form I-213.

Of further concern, the majority appears to require a noncitizen to make a case for suppression *before* moving to suppress. Our caselaw does not require this. *Cf. Sanchez v. Sessions*, 904 F.3d 643, 649-51 (9th Cir. 2018) (finding a prima facie case for suppression *after* the noncitizen filed a motion to suppress and testified at a suppression hearing). Whether a noncitizen was impermissibly prevented from moving to suppress is analytically distinct from whether the noncitizen has made a showing of an "egregious" violation of the Fourth Amendment sufficient for suppression.

## II. The IJ Did Not Consider the Merits of Gallardo-Balmaceda's Claim

In the alternative, the majority concludes that the IJ *actually* considered the merits of Gallardo-Balmaceda's claims. Not so. The IJ's inappropriate responses clearly show that she was not willing to consider the merits of counsel's arguments and, in fact, viewed it as "way out" of her pay grade. Unlike the majority here, the BIA did not find that the IJ considered the merits of Gallardo-Balmaceda's claims.

Because the IJ never considered the merits of Gallardo-Balmaceda's Fourth Amendment challenge to the Form I-213, and the BIA improperly resolved factual disputes in finding that he suffered no prejudice, I would grant the petition and remand for further proceedings.

3