**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

| | |
|---|---|
| RODRIGO MONTIEL TURIJAN, *Petitioner*, v. ERIC H. HOLDER, JR., Attorney General, *Respondent*. | No. 10-72027 Agency No. A077-089-449 OPINION |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted
February 6, 2014—Pasadena, California

Filed March 10, 2014

Before: Barry G. Silverman and Andrew D. Hurwitz,
Circuit Judges, and C. Roger Vinson, Senior District
Judge.[*]

Opinion by Judge Vinson

---

[*] The Honorable C. Roger Vinson, Senior District Judge for the U.S. District Court for the Northern District of Florida, sitting by designation.

## SUMMARY[**]

### Immigration

The panel granted Rodrigo Montiel Turijan's petition for review of the Board of Immigration Appeals' decision finding that his conviction for felony false imprisonment, in violation of California Penal Code §§ 236 and 237, is a categorical crime involving moral turpitude.

The panel held that felony false imprisonment under California law is not a categorical CIMT, because it does not require the intent to injure, actual injury, or a protected class of victim, and because courts in California have applied the statute to conduct that is not morally turpitudinous. The panel also found that, where this court held in *Castrijon-Garcia v. Holder,* 704 F.3d 1205 (9th Cir. 2013), that simple kidnapping under CPC § 207(a) is not a categorical CIMT, the lesser included offense to which petitioner pled guilty and which requires an even lesser mens rea is not a categorical CIMT either.

The panel wrote that it was not in the position to undertake a modified categorical analysis because the record was undeveloped and included no details of the conviction. The panel also wrote that it would not remand to the BIA for further development of the record because the government did not request such relief.

---

[**] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

**COUNSEL**

Keli M. Reynolds (argued), Olmos & Reynolds Law Group, LLP, Los Angeles, California; Andres Z. Bustamante, Law Offices of Andres Z. Bustamante, Los Angeles, California, for Petitioner.

Jesse L. Busen (argued) and Gregory M. Kelch, Office of Immigration Litigation, United States Department of Justice, Washington, D.C., for Respondent.

**OPINION**

VINSON, Senior District Judge:

Rodrigo Montiel Turijan petitions for review of a final decision of the Board of Immigration Appeals ("BIA"). The issue on appeal is whether felony false imprisonment under California Penal Code ("CPC") §§ 236 and 237 is a categorical crime involving moral turpitude ("CIMT") for purposes of the Immigration and Nationality Act ("INA"). As this court has recognized, non-fraudulent crimes of moral turpitude "almost always" involve the intent to injure, actual injury, or a protected class of victim. *See Nunez v. Holder*, 594 F.3d 1124, 1131 (9th Cir. 2010). Because felony false imprisonment in California does not require any of these elements—and because courts in California have applied the statute to conduct that is not morally turpitudinous—we conclude that the offense is not a categorical CIMT. This

conclusion also logically flows from (and is required by) *Castrijon-Garcia v. Holder*, 704 F.3d 1205, 1218 (9th Cir. 2013) (holding that simple kidnapping under CPC § 207(a) is not a categorical CIMT).

I.

The petitioner is a native and citizen of Mexico, who was admitted into the United States as a lawful permanent resident in 2000. Less than five years later, he was charged in California state court with simple kidnapping in violation of CPC § 207(a). The petitioner later pled guilty to a lesser included offense of false imprisonment under CPC § 236. *See, e.g.*, *People v. Gibbs*, 90 Cal. Rptr. 866, 879 (Ct. App. 1970) (false imprisonment is "necessarily" a lesser included offense of kidnapping). The record contains limited information regarding the circumstances of Turijan's crime and the details of his plea, but we know that he was sentenced to three years in state prison. This means that his crime was a felony "effected by violence, menace, fraud, or deceit . . . ." *See* CPC § 237(a) (false imprisonment is a misdemeanor unless it involves one or more of those aggravating factors, in which case it is a felony and carries more than one year incarceration).

After his conviction, the Department of Homeland Security ("government") served Turijan with a Notice to Appear, charging him with removability pursuant to INA § 237(a)(2)(A)(iii), for being an alien who had been convicted of an aggravated felony. At a hearing before an Immigration Judge ("IJ") in December 2005, he was granted a continuance

because the government had not provided his attorney with the conviction documents.

At his second hearing in March 2006, the government filed the conviction documents and, importantly for this appeal, amended the Notice to Appear to charge Turijan with removability under INA § 237(a)(2)(A)(i), for having been convicted of a CIMT within five years of his admission into the United States. Because the petitioner needed additional time to evaluate the new charge and to review the just-filed conviction documents, the IJ continued the matter to June 2006, after stating that "if the government had just mailed these, we wouldn't [have to continue the hearing], a colossal waste of everybody's time."

At his third hearing, the IJ declined to rule on the CIMT issue because the government attorney was not prepared, so the hearing was continued once again. Finally, at his fourth hearing in September 2006, the government requested yet another continuance because it was again not prepared. The IJ denied the request, noting that the hearing had been continued three times during which "[s]omeone could have looked up a case or something." The IJ then proceeded to issue an oral ruling. He observed that the California false imprisonment statute was very broad and appeared to be *malum prohibitum*, and not *malum in se*. The IJ concluded that the government failed to carry its burden and provide "guidance as to why this is a crime involving moral turpitude", so he terminated the case in Turijan's favor.

The government appealed to the BIA, which reversed in an unpublished order. The BIA concluded that one or more of

the statutorily-required elements of violence, menace, fraud, and deceit "necessarily indicate a state of mind that falls within the definition of a crime involving moral turpitude." *In re Rodrigo Montiel Turijan*, 2008 WL 5025230 (BIA Oct. 24, 2008) (unpublished). For its conclusion, the BIA relied solely on *People v. Cornelio*, 255 Cal. Rptr. 775 (Ct. App. 1989), which held that felony false imprisonment is a CIMT for purposes of California evidence law.[1] The BIA subsequently entered a final order of removal to Mexico, and the petitioner now appeals.

II.

We only need to consider Turijan's argument that felony false imprisonment under California law is not a CIMT. As this court has observed, moral turpitude is "perhaps the quintessential example of an ambiguous phrase." *Marmolejo-Campos v. Holder*, 558 F.3d 903, 909 (9th Cir. 2009) (en banc). The analytical process to determine if an offense qualifies as a CIMT in the Ninth Circuit is as follows:

> To determine if a crime involves moral turpitude, we first apply the categorical approach. This requires us to compare the elements of the crime to the generic definition of moral turpitude and decide whether the conduct proscribed in the statute is broader than, and so does not categorically fall within, this generic definition. In making this determination, we must find a realistic

---

[1] The issue in *Cornelio* was whether the defendant's prior conviction for false imprisonment was a CIMT for the purpose of being used as impeachment evidence in his trial for drug possession.

> probability, not a theoretical possibility, that the State would apply its statute to conduct that falls outside the generic definition of moral turpitude. This realistic probability can be established by showing that, in at least one other case, the state courts in fact did apply the statute in the special (nongeneric) manner
> . . . .

*Nunez*, 594 F.3d at 1129 (citations and quotation marks omitted). Thus, we must compare the elements of felony false imprisonment in California to the generic definition of a CIMT—and look to cases where the statute has been applied—to determine if all the proscribed conduct can be said to involve moral turpitude. If the statute has been applied in at least one previous case to conduct that does not satisfy the generic definition, then the offense is not a categorical CIMT. *See, e.g.*, *Castrijon-Garcia*, 704 F.3d at 1214–15.

The three elements of felony false imprisonment in California are: (1) a person intentionally and unlawfully restrained, confined, or detained another person, compelling him to stay or go somewhere; (2) that other person did not consent; and (3) the restraint, confinement, or detention was accomplished by violence or menace. Cal. Jury Instructions, Criminal 9.60 (Fall 2006 Revision); *see also People v. Fernandez*, 31 Cal. Rptr. 2d 677, 680–81 & n.4 (Ct. App. 1994). "Violence" means the use of physical force to restrain beyond the force necessary to effect the restraint; "menace"

is the threat of harm express or implied by word or act. *See Fernandez*, 31 Cal. Rptr. 2d at 680 n.4.**[2]**

As to the generic definition of a CIMT, circuit precedent tells us that non-fraudulent crimes of moral turpitude generally involve "base, vile, and depraved" conduct that "shock[s] the public conscience." *Nunez*, 594 F.3d at 1131 (quotation marks omitted). They are "contrary to the rules of morality and the duties owed between man and man," *Marmolejo-Campos*, 558 F.3d at 910 (quotation marks omitted), and they involve at least some "evil intent." *Castrijon-Garcia*, 704 F.3d at 1213 (quotation marks omitted); *accord Fernandez-Ruiz v. Gonzales*, 468 F.3d 1159, 1165–66 (9th Cir. 2006). Not every offense that runs against "accepted rules of social conduct" will qualify as a CIMT, however. *Robles-Urrea v. Holder*, 678 F.3d 702, 708 (9th Cir. 2012). Rather, "[o]nly truly unconscionable conduct surpasses the threshold of moral turpitude." *Id.* Non-fraudulent CIMTs will almost always involve an intent to injure someone, an actual injury, or a protected class of victims. *See, e.g.*, *Nunez*, 594 F.3d at 1131.

Upon review, we conclude that felony false imprisonment under California law does not qualify as a categorical CIMT for two reasons.**[3]** First, the crime does not require any of the

---

**[2]** As previously noted, the statute provides that felony false imprisonment can also be accomplished by fraud or deceit. Because it is clear that fraud-based crimes are morally turpitudinous, *see, e.g.*, *Nunez*, 594 F.3d at 1131, our focus is limited to whether false imprisonment by violence or menace qualifies.

**[3]** In reaching this conclusion, we are unpersuaded by the BIA's reliance on *Cornelio*, 255 Cal. Rptr. at 775, which involved an evidentiary issue (namely, the impeachment of a defendant) under California law. As this

three factors set forth above, and the statute has been applied by California courts in a non-generic manner. *See People v. Islas*, 147 Cal. Rptr. 3d 872, 875–82 (Ct. App. 2012) (two gang members convicted of false imprisonment by menace after hiding from police for about 15 minutes in an apartment rented by a mother and her children; conviction upheld even though the defendants did not brandish a weapon, did not act in a hostile manner, did not touch the woman or her family, did not issue any verbal threats, and, in fact, expressly told her that "they were *not* going to harm her or her children") (emphasis in original).[4] Other cases are analogous. *See, e.g.*, *People v. Wardell*, 77 Cal. Rptr. 3d 77 (Ct. App. 2008). California courts, therefore, have interpreted the felony false imprisonment statute to reach conduct that, while meeting the definition of menace under state law, falls short of the generic definition of "moral turpitude," as the term has been defined in this circuit's case law. Because "the full range of conduct prohibited by the statute" does not fall within the definition

---

court explained while confronting the exact same situation in *Castrijon-Garcia*: "The BIA's unreasoned reliance on a state court decision . . . is not of great weight because it relates to the very different issue of whether a crime is morally turpitudinous for purposes of California evidence law, lacks power to persuade and thus is not entitled to deference." *See* 704 F.3d at 1211 (quotation marks omitted); *see also id.* at n.6 (further noting that "this is not the first time we have held a crime *not* to be a categorical crime of moral turpitude . . . even though California courts have held the contrary under their evidentiary standard for purposes of impeachment of a defendant") (emphasis in original).

[4] While the situation was clearly (and quite understandably) frightening for the family, what the defendants actually *did* in that case cannot be fairly described as "truly unconscionable" conduct demonstrating "evil intent" or involving "base, vile, and depraved" behavior which "shock[s] the public conscience." Nor did the case involve an intent to injure, actual injury, or a protected class of victim.

of that term, *see Nunez*, 594 F.3d at 1133, felony false imprisonment under California law is not a categorical CIMT.

In addition and more conclusively, a panel of this court has held that simple kidnapping under CPC § 207(a) is not a categorical CIMT. *See Castrijon-Garcia*, 704 F.3d at 1218. Obviously, if the crime with which the petitioner was originally charged is not a categorical CIMT, *a fortiori*, the lesser included offense to which he later pled guilty—which requires, if anything, an even lesser *mens rea* —is not a categorical CIMT either.[5]

### III.

In *Saavedra-Figueroa v. Holder*, this court held that misdemeanor false imprisonment is not a categorical CIMT under California law, but left for another day whether felony false imprisonment might be. *See* 625 F.3d 621, 622–28 & 626 n.5 (9th Cir. 2010). We hold today, consistent with *Castrijon-Garcia*, that it is not.[6] Accordingly, the petition is

---

[5] The elements of the two offenses are similar. *Compare Fernandez*, 31 Cal. Rptr. 2d at 680–81 & n.4 (setting forth the elements of felony false imprisonment) *with People v. Burney*, 212 P.3d 639, 666 (Cal. 2009) (setting forth the elements of simple kidnapping). The main difference between the two is false imprisonment requires "violence or menace" in the detention, while kidnapping requires the use of "force or fear." Since simple kidnapping does not qualify as a categorical CIMT under *Castrijon-Garcia*, the same result necessarily follows for the lesser included offense of felony false imprisonment.

[6] Because we grant Turijan's petition on statutory grounds, we do not resolve his due process claim. We also need not consider whether he was removable for being an alien who had been convicted of an aggravated felony because the government has abandoned that claim.

**GRANTED**, and the BIA's final order of removal is **VACATED**.[7]

---

[7] Ordinarily, if an offense is not a CIMT under the categorical approach, we would apply a modified categorical approach and look to documents in the record to see if the facts of the offense involved moral turpitude. *See Nunez*, 594 F.3d at 1129–30. The modified categorical approach is not available here, however, since the record is undeveloped and does not include any details of the conviction. Thus, we are not in the position to undertake the modified categorical analysis. *See id.* at 1130 (concluding same). Nor will we remand to the BIA for further development of the record as the government has not requested such relief on appeal.