NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| GUILLERMO PEREZ-AGUILAR, | No. 13-70534 |
| Petitioner, | Agency No. A095-782-642 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted October 7, 2014
Phoenix, Arizona

Before: D.W. NELSON, SILVERMAN, and M. SMITH, Circuit Judges.

Guillermo Perez-Aguilar ("Perez-Aguilar") petitions for review of the Board

of Immigration Appeals' ("BIA") dismissal of his appeal of a final order of

removal. The BIA held that Perez-Aguilar had been convicted of a crime

involving moral turpitude ("CIMT") and was thus ineligible for cancellation of

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

1

removal. We have jurisdiction pursuant to 8 U.S.C. § 1252, and we deny the petition.

Perez-Aguilar is a native and citizen of Mexico, born in 1978, who entered the U.S. in 1996 without inspection. On April 26, 2009, the Department of Homeland Security ("DHS") served Perez-Aguilar with a Notice to Appear, charging him with removability under 8 U.S.C. § 1182(a)(6)(A)(I) as a person present in the United States without being admitted or paroled, although these initial proceedings were not concluded. In July 2011, Perez-Aguilar pled guilty to felony endangerment in Arizona under Arizona Revised Statute § 13-1201 and misdemeanor driving under the influence of intoxicating liquor or drugs under Arizona Revised Statute § 28-1381(A)(1). DHS thereafter re-initiated the removal proceedings on July 30, 2012, due to Perez-Aguilar's conviction. Perez-Aguilar conceded removability, but filed an Application for Cancellation of Removal and Adjustment of Status of Certain Nonpermanent Residents ("Application"). On October 4, 2012, DHS moved the immigration judge ("IJ") to pretermit Perez-Aguilar's Application, and the IJ granted the request. Perez-Aguilar timely appealed the IJ's decision to the BIA, which dismissed his appeal in an unpublished opinion on February 7, 2013, relying explicitly on the BIA's recent

decision in *Matter of Leal*, 26 I. & N. Dec. 20 (BIA 2012), which held felony

endangerment was categorically a CIMT.

Where the BIA's decision is unpublished, but directly controlled by a

published opinion, as here, we must defer to the BIA's conclusion so long as it is a

"permissible construction of the INA." *Marmolejo-Campos v. Holder*, 558 F.3d

903, 913 (9th Cir. 2009) (en banc). In an opinion filed contemporaneous with this

memorandum, we upheld the BIA's decision in *Matter of Leal* as a reasonable

interpretation of the INA under the *Chevron* framework, *Leal v. Holder*, ___ F.3d

____ (9th Cir. **[Date]**, 2014). Our opinion in that case is controlling here.[1]

As we have previously explained, CIMTs may be premised on reckless

conduct where there is "serious resulting harm." *Ceron v. Holder*, 747 F.3d 773,

---

[1]We reject Perez-Aguilar's argument that applying *Leal* to this matter is an impermissible retroactive enforcement of a new agency rule. A question of retroactivity arises only where there is an explicit change in the law. *See James B. Beam Distilling Co. v. Georgia*, 501 U.S. 529, 534 (1991) ("It is only when the law changes in some respect that an assertion of nonretroactivity may be entertained, the paradigm case arising when a court expressly overrules a precedent upon which the contest would otherwise be decided differently and by which the parties may previously have regulated their conduct."). Prior to *Leal*, the BIA had never determined in a published opinion whether felony endangerment in Arizona is categorically a CIMT and had instead issued conflicting decisions in non-precedential, unpublished decisions. *Compare Matter of Valles-Moreno*, 2006 WL 3922279 (BIA 2006), *with Matter of Lopez-Orosco*, 2010 WL 5635156 (BIA 2010). Thus, the BIA's decision in *Leal* does not constitute a change in the law that triggers the retroactivity analysis.

3

783 (9th Cir. 2014) (en banc) (quoting *In re Solon*, 24 I. & N. Dec. 239, 242 (BIA 2007)). Recklessly placing another person in actual substantial risk of imminent death, as is required for felony endangerment, *State v. Carreon*, 107 P.3d 900, 909 (Ariz. 2005) (en banc), is "base, vile, and depraved conduct" that qualifies this crime as a CIMT, *Nunez v. Holder*, 594 F.3d 1124, 1131 (9th Cir. 2010) (internal quotation marks omitted). Because a required element of felony endangerment is substantial, actual risk of imminent death to another person, there is no "realistic possibility" that the statute will be applied to non-turpitudinous conduct. *See Turijan v. Holder*, 744 F.3d 617, 620 (9th Cir. 2014). Thus, the BIA's decision was based on a permissible construction of the statute.

**PETITION FOR REVIEW DENIED.**