**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| BAUDEL VELAZQUEZ-SOBERANES, | No. 11-73668 |
| Petitioner, | Agency No. A079-220-140 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted October 7, 2014
Phoenix, Arizona

Before: D.W. NELSON, SILVERMAN, and M. SMITH, Circuit Judges.

Baudel Velazquez-Soberanes ("Velazquez-Soberanes") petitions for review

of the Board of Immigration Appeals' ("BIA") dismissal of his appeal of a final

order of removal. The BIA held that Velazquez-Soberanes had been convicted of

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

1

two or more crimes involving moral turpitude ("CIMTs") and was thus removable. We have jurisdiction pursuant to 8 U.S.C. § 1252, and we deny the petition.

Velazquez-Soberanes is a native and citizen of Mexico, born in Guasave, Mexico in 1977, who entered the U.S. without inspection in 1992. Velazquez-Soberanes was granted status as a lawful permanent resident on February 24, 2004. On September 10, 2010, the Department of Homeland Security ("DHS") served Velazquez-Soberanes with a Notice to Appear, charging him with removability under 8 U.S.C. § 1227(a)(2)(E)(i) as a person convicted of a crime of domestic violence, stalking, or child abuse after entry into the U.S. On October 6, 2010, the DHS filed Additional Charges of Inadmissability/ Deportability, charging Velazquez-Soberanes with removability under 8 U.S.C. § 1227(a)(2)(A)(ii) as a person convicted of two or more CIMTs after entry into the U.S. and under 8 U.S.C. § 1227(a)(2)(A)(I) as a person convicted of a CIMT within five years of admission to the U.S.

At a hearing on October 6, 2010, Velazquez-Soberanes admitted he was a native and citizen of Mexico but denied removability. On November 15, 2010, the Immigration Judge ("IJ") sustained most of DHS's allegations as to Velazquez-Soberanes's convictions and subsequently issued an order of removal against Velazquez-Soberanes as a person convicted of a crime of domestic violence, a

2

CIMT within five years of admission, and two or more CIMTs after entry. Velazquez-Soberanes appealed to the BIA, which remanded the case to the IJ to explain his reasoning properly.

On remand, the IJ again issued an order of removal against Velazquez-Soberanes based on the same grounds. Of relevance here, the IJ found the convictions for felony endangerment, resisting arrest, and unlawful flight all to be CIMTs, thus resulting in two or more CIMTs under 8 U.S.C. § 1227(a)(2)(A)(ii). Velazquez-Soberanes timely appealed the decision again to the BIA, conceding his conviction for resisting arrest was a CIMT but challenging the designation of his convictions for unlawful flight and endangerment as CIMTs. The BIA dismissed the appeal, holding felony endangerment in Arizona to be categorically a CIMT and declining to reach the issue of whether unlawful flight is a CIMT. Additionally, the BIA's decision was limited to affirming that Velazquez-Soberanes had been convicted of two CIMTs under 8 U.S.C. § 1227(a)(2)(A)(ii).

Where the BIA's decision is unpublished and not directly controlled by a published opinion, as is the case here, we may afford the BIA's decision deference under *Skidmore v. Swift & Co.*, 323 U.S. 134 (1944), depending in part on its persuasive value. *Marmolejo-Campos v. Holder*, 558 F.3d 903, 909 (9th Cir. 2009) (en banc). We hold that the BIA's decision here is persuasive and warrants

3

*Skidmore* deference. In an opinion filed contemporaneous with this memorandum, we held that the BIA reasonably interpreted the INA to include felony endangerment in Arizona as a CIMT and thus deferred to the BIA's decision in that case under *Chevron, U.S.A., Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837 (1984). *Leal v. Holder*, ___ F.3d ____ (9th Cir. **[Date]**, 2014). Our reasoning in that case is equally applicable here.

As we have previously explained, CIMTs may be premised on reckless conduct where there is "serious resulting harm." *Ceron v. Holder*, 747 F.3d 773, 783 (9th Cir. 2014) (en banc) (quoting *In re Solon*, 24 I. & N. Dec. 239, 242 (BIA 2007)). Recklessly placing another person in substantial, actual risk of imminent death, as is required for felony endangerment, *State v. Carreon*, 107 P.3d 900, 909 (Ariz. 2005) (en banc), is "base, vile, and depraved conduct" that qualifies this crime as a CIMT, *Nunez v. Holder*, 594 F.3d 1124, 1131 (9th Cir. 2010). Because a required element of felony endangerment is substantial, actual risk of imminent death to another person, there is no "realistic possibility" that the statute will be applied to non-turpitudinous conduct. *See Turijan v. Holder*, 744 F.3d 617, 620 (9th Cir. 2014). Although not addressed by the BIA in this case, we held in *Leal* that the BIA reasonably interpreted the INA to conclude that voluntary intoxication to the point of unawareness of risk could serve as a proxy for traditional

4

recklessness to find felony endangerment is a CIMT. We thus see no reason to remand to the BIA for consideration of that issue. The BIA's interpretation of the INA is persuasive.

**PETITION FOR REVIEW DENIED.**