**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| IMAD ABOUD; RODINA ABOUD; HANIN ABOUD; SHIRIN ABOUD; NADIN ABOUD; MARON ABOUD, | No. 09-71687 |
| Petitioners, | Agency Nos. A098-515-824 A098-150-502 A098-150-503 A098-150-504 |
| v. | A098-150-505 A098-150-506 |
| ERIC H. HOLDER, Jr., Attorney General, | |
| Respondent. | MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted October 8, 2010
Pasadena, California

Before: FISHER and BYBEE, Circuit Judges, and SHEA, District Judge.[**]

We dismiss this petition for lack of jurisdiction because the petition for review

was due within 30 days of the final order of removal, but the Petitioners did not

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The Honorable Edward F. Shea, United States District Judge for the Eastern District of Washington, sitting by designation.

petition for review until 84 days after the final order of removal. The facts are familiar to the parties, so we only briefly recite them here.

Petitioners Imad Aboud, Rodina Aboud, and their four minor children (collectively, "Petitioners") came to the United States from Israel in mid-2004 on non-immigrant B-2 visitor visas and never left. Upon expiration of their visas, Petitioners sought asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). Petitioners claimed they suffered, and reasonably feared, persecution for being Christian Arabs in Israel.

In July 2006, the Immigration Judge ("IJ") found that Petitioners had conceded removability and granted asylum. On October 25, 2007, the Board of Immigration Appeals ("BIA") affirmed the IJ's removability finding, reversed the asylum grant, and remanded for "issuance of an order of removal." On remand, the IJ granted Petitioners sixty days of voluntary departure and then certified the case to the BIA "for a final order per request of both parties." On March 10, 2009, the BIA denied the certification request, noted the IJ had considered voluntary departure but had not "set a time period within which the respondents must depart" (the IJ had, in fact, set a deadline) and remanded to the IJ to "enter a new order with respect to this issue." The IJ entered a removal decision on May 19, 2009, without renewing

voluntary departure. Petitioners appealed the IJ's May 2009 decision on June 2, 2009.

Both Petitioners and the government contend that, because we have jurisdiction over petitions for review filed within 30 days of a final order of removal, 8 U.S.C. § 1252(b)(1), and Petitioners' appeal was filed within 30 days of the IJ's May 2009 order, the appeal was timely, and we have jurisdiction. We disagree.

An "order of removal" is "*the order of the special inquiry officer*, or other such administrative officer to whom the Attorney General has delegated responsibility for determining whether an alien is deportable, *concluding that the alien is deportable* or ordering deportation."[1] 8 U.S.C. § 1101(a)(47)(A) (emphasis added). By the terms of the statute, then, an IJ enters an "order of removal" as soon as he issues an order "concluding that the alien is deportable." *Id.* In this case, the IJ's July 2006 order included a determination that Petitioners were removable, based, at least in part, on Petitioners' having conceded removability. As a consequence, the IJ's July 2006 order included an "order of removal" under 8 U.S.C. § 1101(a)(47)(A); *see Muradin v. Gonzales*, 494 F.3d 1208, 1209 (9th Cir. 2007).

---

[1] The terms "deportation" and "removal" can be used interchangeably here. *See Lolong v. Gonzales*, 484 F.3d 1173, 1177 n.2 (9th Cir. 2007). Likewise, for our purposes, "special inquiry officer" is interchangeable with "immigration judge." *See Flores-Chavez v. Ashcroft*, 362 F.3d 1150, 1160 n.7 (9th Cir. 2004).

But the Petitioners did not have an appealable "*final* order of removal," 8 U.S.C. § 1252(b)(1) (emphasis added), until the BIA declined to accept the case on certification.[2] "If the Board declines to accept a certified case for review, the underlying decision shall become final on the date the Board declined to accept the case." 8 C.F.R. § 1003.7 (2007). Petitioners should have filed their petition for review with us within 30 days of March 10, 2009; they did not, so we do not have jurisdiction. *See* 8 U.S.C. § 1252(b)(1).[3]

DISMISSED.

---

[2] There may have been a final order of removal when the BIA reversed the grant of asylum and remanded for issuance of an order of removal in October 2007. *Compare Lolong*, 484 F.3d at 1177 (interpreting 8 U.S.C. § 1101(a)(47) to dictate that the BIA implicitly finalizes an order of removal when it reverses a grant of asylum or withholding of removal), *with Cordes v. Mukasey*, 517 F.3d 1094 (9th Cir. 2008) (holding that remand for a "new" order of removal precluded finality). We need not decide the question because there is an alternative reason we lack jurisdiction.

[3] We note, however, that were we to decide the case on the merits, we would have to deny the petition for the reasons stated by the BIA. The record does not compel us to find that Petitioners' past experiences in Israel rose to the level of persecution nor that Petitioners had met their burden of establishing that they face a "unique risk of persecution upon return that was distinct from [their] mere membership in a disfavored group." *Halim v. Holder*, 590 F.3d 971, 979 (9th Cir. 2009) (citation omitted).

4