**NOT FOR PUBLICATION**



# FILED

DEC 12 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

## UNITED STATES COURT OF APPEALS

## FOR THE NINTH CIRCUIT

| | |
|---|---|
| IMAD ABOUD; et al., | No.   14-71199 |
| Petitioners, | Agency Nos.   A098-515-824 |
| v. | A098-150-502 |
| | A098-150-503 |
| JEFFERSON B. SESSIONS III, Attorney General, | A098-150-504 |
| | A098-150-505 |
| | A098-150-506 |
| Respondent. | |
| | MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 8, 2017[**]
San Francisco, California

Before:  M. SMITH and IKUTA, Circuit Judges, and HUMETEWA,[***] District
Judge.

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]      The Honorable Diane J. Humetewa, United States District Judge for
the District of Arizona, sitting by designation.

Imad, Rodina, Hanin, Shirin, Nadin, and Maron Aboud (collectively, the Abouds) petition for review of the Board of Immigration Appeals's (BIA) order denying their second motion to reopen removal proceedings and to reissue its prior decision denying certification.[1]  We have jurisdiction under 8 U.S.C. § 1252.  *Mata v. Lynch*, 135 S. Ct. 2150, 2154–55 (2015).

The BIA denied the Abouds' second motion to reopen on the ground that it was time- and number-barred.  *See* 8 U.S.C. § 1229a(c)(7)(A), (C); 8 C.F.R. § 1003.2(c)(2).  The Abouds challenge this ruling solely on the ground that the BIA should have equitably tolled those limitations.  We lack jurisdiction to consider this argument, however, because the Abouds failed to exhaust it before the BIA.  *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004).  The Abouds did not expressly ask the BIA to exercise its equitable powers to excuse the applicable time and number bars, nor did their motion implicitly raise this argument by putting "precisely those [facts] needed to support an equitable tolling argument" before the BIA.  *Socop–Gonzalez v. INS*, 272 F.3d 1176, 1184 (9th Cir. 2001) (en banc).  Nor did the BIA address or even mention equitable tolling,

_____

[1] The BIA's order also dismissed the Abouds' appeal of the Immigration Judge's denial of their first motion to reopen removal proceedings.  The Abouds have waived any challenge to that ruling by failing to raise an argument in their opening brief. *See Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 919 (9th Cir. 2001).

further making it clear that the Abouds' motion failed to put the issue "before the BIA such that it had the opportunity to correct its error." *Garcia v. Lynch*, 786 F.3d 789, 793 (9th Cir. 2015) (quoting *Figueroa v. Mukasey*, 543 F.3d 487, 492 (9th Cir. 2008)).[2]

   **PETITION DENIED.**

---

[2] Since we lack jurisdiction to consider equitable tolling, and the Abouds' second motion to reopen is time- and number-barred, *see* 8 U.S.C. § 1229a(c)(7)(A), (C); 8 C.F.R. § 1003.2(c)(2), we do not address the BIA's alternative conclusion that the Abouds failed to comply with the requirements of *Matter of Lozada*, 19 I & N Dec. 637, 639 (BIA 1988).