FILED

NOV 20 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| IMAD ABOUD; RODINA ABBOUD; HANIN ABBOUD; SHIRIN ABBOUD; NADIN ABBOUD; MARON ABBOUD, | No.   18-72104 |
| | Agency Nos.      A098-515-824 |
| Petitioners, | A098-150-502 |
| | A098-150-503 |
| v. | A098-150-504 |
| | A098-150-505 |
| WILLIAM P. BARR, Attorney General, | A098-150-506 |
| Respondent. | MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 16, 2020[**]
San Francisco, California

Before:  SCHROEDER and BERZON, Circuit Judges, and MENDOZA,[***] District
Judge.

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Salvador Mendoza, Jr., United States District Judge
for the Eastern District of Washington, sitting by designation.

Imad Aboud, Rodina Abboud, and their four children are all natives and citizens of Israel. They entered this country in 2004 on tourist visas. After protracted asylum proceedings, they were ordered removed in 2009. Their first petition for review by this court was dismissed as untimely in 2011, with a footnote adding that even if the petition had been timely, the court would have denied the petition on the merits. *Aboud v. Holder*, 446 F. App'x. 25, 26, 27 n.3 (9th Cir. 2011). Two motions for reopening and two attorneys later, this court dismissed the Abouds' second petition for review for failure to exhaust one of their arguments. *Aboud v. Sessions*, 706 F. App'x 359 (9th Cir. 2017).

In this third motion to reopen before the BIA, the Abouds claimed changed country conditions and, in a reply, raised an ineffective assistance of counsel claim in relation to their first petition. The BIA denied the motion, holding that the Abouds had not established changed country conditions or ineffective assistance of counsel.

The Abouds are Palestinian Greek Orthodox Christians and have described attacks in Israel on account of their religion. In this motion to reopen, they presented evidence of generally increased anti-Christian violence in Israel, particularly following the United States' recognition of Jerusalem as Israel's

2

capital, as well as evidence of specific threats to the Abouds' remaining family members and associates in Israel.

The government concedes that remand is appropriate on the changed country conditions claim, although it does not concede that reopening should be granted. Our court has recognized that changed circumstances, even in the context of ongoing conflict, can create changed circumstances authorizing reopening. *Malty v. Ashcroft*, 381 F.3d 942, 945 (9th Cir. 2004). Here the petitioners presented not only evidence of generally increased violence directed at Christians but also evidence of more recent specific threats to family members and others in Israel. We therefore hold that the BIA should grant reopening on remand. *See id.* at 945–47.

The BIA, however, did not err in denying reopening on the basis of ineffective assistance of counsel. One such claim appears to relate to the Abouds' first attorney's failure to file a timely petition to this court in 2009. Although the attorney's performance may well have been deficient, this court expressly noted that the petition would have been denied on the merits in any event. *Aboud v. Holder*, 446 F. App'x. at 27 n.3. The Abouds therefore cannot establish that the deficiency resulted in any prejudice, as required to succeed on an ineffectiveness claim. *See Mohammed v. Gonzales*, 400 F.3d 785, 793 (9th Cir. 2005).

We therefore grant the petition in part and remand for the BIA to grant reopening to consider the claim of changed country conditions. The petition is otherwise denied.

**GRANTED in part, DENIED in part, and REMANDED.**

Each party shall bear its own costs and fees.