UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| YOSVANY ALONSO ELIZALDE,<br><br>Petitioner,<br><br>v.<br><br>MERRICK B. GARLAND, Attorney General,<br><br>Respondent. | No. 20-72079<br>Agency No. A213-352-781<br><br>ORDER |
| YOSVANY ALONSO ELIZALDE,<br><br>Petitioner,<br><br>v.<br><br>MERRICK B. GARLAND, Attorney General,<br><br>Respondent. | No. 22-524<br>Agency No. A213-352-781 |

Before: TALLMAN, R. NELSON, and FORREST, Circuit Judges.

The Memorandum Disposition filed on April 28, 2023 is withdrawn and replaced with a new Memorandum Disposition filed concurrently with this order.

With this order, Judge Tallman and Judge Nelson vote to deny the petition for panel rehearing. Judge Forrest votes to grant the petition for panel rehearing. Judge Nelson and Judge Forrest vote to deny the petition for rehearing en banc, and Judge Tallman so recommends.

The full court has been advised of the petition for rehearing en banc and no

judge has requested a vote on whether to rehear the matter en banc. Fed. R. App.
P. 35.

The petitions for panel rehearing and rehearing en banc, Dkt. No. 52, are

**DENIED.** No further petitions for rehearing will be accepted.

NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUN 26 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| YOSVANY ALONSO ELIZALDE,<br><br>        Petitioner,<br><br>  v.<br><br>MERRICK B. GARLAND, Attorney General,<br><br>        Respondent. | No. 20-72079<br><br>Agency No. A213-352-781<br><br>MEMORANDUM* |

| | |
|---|---|
| YOSVANY ALONSO ELIZALDE,<br><br>        Petitioner,<br><br>  v.<br><br>MERRICK B. GARLAND, Attorney General,<br><br>        Respondent. | No. 22-524<br><br>Agency No. A213-352-781 |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted March 29, 2023
Moscow, Idaho

Before: TALLMAN, R. NELSON, and FORREST, Circuit Judges.
Partial Concurrence and Partial Dissent by Judge FORREST.

---

    *    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Yosvany Alonso Elizalde, a native and citizen of Cuba, petitions for review of two orders of removal by the Board of Immigration Appeals (BIA) affirming an Immigration Judge's (IJ) denial of his application for asylum under the Immigration and Nationality Act.[1]

1.      The IJ held that Elizalde failed to meet the standard for asylum and that the Third Country Transit Rule separately barred his asylum application.  In June 2020, the BIA affirmed without opinion.  While Elizalde's petition for review of the BIA's decision was pending before us in October 2021, the BIA sua sponte reopened and vacated its June 2020 decision because the Third Country Transit Rule had been enjoined by a federal district court.  The BIA issued a new decision, affirming the IJ "for the reasons stated in the [IJ's] decision" and expressly disclaimed reliance on the Third Country Transit Rule.

We determine our own jurisdiction de novo.  *Saavedra-Figueroa v. Holder*, 625 F.3d 621, 623 (9th Cir. 2010).  Elizalde contends that we retain jurisdiction over the BIA's June 2020 decision.  We disagree.  "Once a petition for review has been filed, federal court jurisdiction is divested . . . where the BIA subsequently vacates . . . the decision under review."  *Plasencia-Ayala v. Mukasey*, 516 F.3d 738, 745 (9th Cir. 2008), *overruled on other grounds by Marmolejo-Campos v. Holder*, 558 F.3d 903, 911 (9th Cir. 2009) (en banc);

---

[1] Elizalde also sought withholding of removal and relief under the Convention Against Torture (CAT) before the agency.  Elizalde's brief does not challenge the agency's denial of those claims.  Accordingly, any challenges to them are waived. *Cui v. Holder*, 712 F.3d 1332, 1338 n.3 (9th Cir. 2013).

*accord Saavedra-Figueroa*, 625 F.3d at 624. The BIA vacated its June 2020 decision, so we dismiss the portion of Elizalde's petition challenging that decision for lack of jurisdiction.

2. Elizalde also claims that the IJ did not fulfill his duty to develop the record for a pro se asylum applicant. *See Agyeman v. INS*, 296 F.3d 871, 876–77 (9th Cir. 2002). We hold that Elizalde did not exhaust this claim, as required by 8 U.S.C. § 1252(d)(1). *See id.* at 877; *see also Umana-Escobar v. Garland*, --- F.4th ---, 2023 WL 3606117, at *5 (9th Cir. 2023). Though pro se litigants are held to a lower standard and need not use "the correct legalese," they still must "put the BIA on notice of the contested issues." *Gonzalez-Castillo v. Garland*, 47 F.4th 971, 980 (9th Cir. 2022) (citation omitted). Elizalde's statements that he "wasn't able to provide enough evidence in time on [his] court" appearance before the IJ, that his "last hope is with [his] testimony," and his request to "hear [his] story" did not put the BIA on notice that Elizalde believed he was denied a full and fair hearing. Thus, his claim fails as unexhausted. *See Umana-Escobar*, 2023 WL 3606117, at *5. Further, an alleged lack of opportunity to present a case is not a constitutional error that triggers an exception to the exhaustion requirement, but a mere procedural error that is correctable by the agency. *See Sola v. Holder*, 720 F.3d 1134, 1135–36 (9th Cir. 2013) (per curiam).

Even if Elizalde exhausted his claim, the IJ satisfied his duty to develop the record. The IJ's minor interruptions did not "prevent[] the introduction of significant testimony." *See Oshodi v. Holder*, 729 F.3d 883, 890 (9th Cir. 2013)

(citation omitted). By giving Elizalde the opportunity to present his claim in narrative form, asking clarification questions to elicit details, and offering Elizalde the last word to explain why he should prevail, the IJ satisfied his obligations. *See Gonzalez-Castillo*, 47 F.4th at 983.

3.  Last, Elizalde argues that the BIA erred by denying his asylum claim. We review the BIA's denial of asylum for substantial evidence and reverse only if "the evidence not only *supports* a contrary conclusion, but *compels* it." *Garcia-Milian v. Holder*, 755 F.3d 1026, 1031 (9th Cir. 2014) (alteration adopted) (citation omitted). Where, as here, the BIA relies in part on the IJ's reasoning, we review both decisions. *Singh v. Holder*, 753 F.3d 826, 830 (9th Cir. 2014). A person may qualify for asylum "either because he or she has suffered past persecution or because he or she has a well-founded fear of future persecution." 8 C.F.R. § 208.13(b).

The IJ held that the harm Elizalde experienced did not rise to the level of past persecution and the BIA affirmed. This conclusion is supported by substantial evidence. *See Sharma v. Garland*, 9 F.4th 1052, 1063 (9th Cir. 2021). The record does not compel the conclusion that Elizalde's two separate encounters with the police (involving temporary detention, minor physical mistreatment, and the shutdown of his workplace) amounted to persecution. *See id.* at 1064 (no past persecution where the police "ruined" the petitioner's business); *Gu v. Gonzales*, 454 F.3d 1014, 1017–21 (9th Cir. 2006) (no past persecution where the petitioner was detained at a police station by authorities for

three days, interrogated for two hours, and repeatedly hit with a rod but required no medical treatment).

Elizalde maintains that the IJ ignored the cumulative impact of his past harm, an issue we review de novo. *Salguero Sosa v. Garland*, 55 F.4th 1213, 1219 (9th Cir. 2022). The record belies Elizalde's assertion. The IJ recounted the key portions of Elizalde's testimony and held that "accepting all the respondent's testimony as true, the Court must deny his application." The IJ's decision sufficiently demonstrates that he considered the cumulative effect of Elizalde's past harm.

Elizalde also argues that the IJ failed to analyze whether he had a well-founded fear of future persecution. But the IJ's decision sufficiently demonstrates that he did address future persecution. The IJ was not required "to write an exegesis on every contention." *See Najmabadi v. Holder*, 597 F.3d 983, 990 (9th Cir. 2010) (citation omitted). "What is required is merely that [the IJ] consider the issues raised, and announce its decision in terms sufficient to enable a reviewing court to perceive that it has heard and thought and not merely reacted." *Id.*

Here, the IJ began his analysis by stating that "the respondent would have to prove that he has a past persecution or that he has a reasonable possibility of future persecution" and concluded that "he has not shown that he meets the legal test for asylum." Then, after addressing Elizalde's past harm, the IJ denied withholding of removal and CAT relief because Elizalde had not shown future

persecution or torture. The IJ concluded, "Having not met the factual or legal burden for asylum . . . the respondent would necessarily fail the higher burden for withholding . . . ."

The higher burden for withholding refers to the likelihood of future persecution. Withholding of removal requires that future persecution be "more likely than not," while asylum requires only a "reasonable possibility" of future persecution. *Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1029 (9th Cir. 2019) (citations omitted). Thus, the IJ's holding that Elizalde did not meet his burden for asylum and therefore failed to meet the higher burden for withholding necessarily implies that the IJ concluded that Elizalde did not show a reasonable possibility of future persecution under the asylum standard. The IJ's decision sufficiently demonstrated that he considered the issue and concluded that Elizalde had not shown a reasonable possibility of future persecution.[2] *See id.*;

---

[2] The dissent asserts that we reach this holding by piecing together only the IJ's acknowledgment that past persecution and future persecution provide separate avenues for asylum relief and its conclusion that Elizalde failed to meet the asylum standard. But that is not all we rely on. The dissent overlooks the IJ's holding that "Having not met the factual or legal burden for asylum . . . the respondent would necessarily fail the higher burden for withholding . . . ." The dissent correctly explains that failing to meet the standard for withholding of removal or CAT relief does not necessarily mean a petitioner has failed to meet the asylum standard. But failing to meet the asylum standard means a petitioner also fails to meet the withholding standard, and that is precisely what the IJ held here. *See Duran-Rodriguez*, 918 F.3d at 1029. This holding only makes sense if the IJ concluded that Elizalde did not show a reasonable possibility of future persecution. *See id.* The IJ's analysis is sufficient to establish that the agency "consider[ed] the issues raised" and "has heard and thought and not merely reacted." *See Najmabadi*, 597 F.3d at 990.

*Najmabadi*, 597 F.3d at 990.

The IJ's conclusion is supported by substantial evidence. Elizalde's testimony that he would be monitored and that he would be imprisoned if he could not find work within 30 days of returning to Cuba does not compel us to reach a conclusion contrary to the agency's. *See Sharma*, 9 F.4th at 1062–63 ("[M]ere economic disadvantage alone does not rise to the level of persecution." (citations omitted)); *id.* at 1065–66 (characterizing the possibility that the police would have a continuing interest in the petitioner as "speculative").[3]

**PETITION DENIED in part and DISMISSED in part.**

---

[3] Because the agency's past and future persecution holdings are sufficient to deny Elizalde's asylum petition, we need not address the agency's nexus holding.

*Elizalde v. Garland*, Nos. 20-72079 and 22-524
Forrest, J., concurring in part and dissenting in part:

I agree that we lack jurisdiction over Case No. 20-72079. I respectfully disagree, however, that the Board of Immigration Appeals (BIA) properly addressed Petitioner Yosvany Alonso Elizalde's argument that he is entitled to asylum because he has a well-founded fear of future persecution if removed to Cuba. Therefore, I would grant the petition in Case No. 22-524 in part and remand Elizalde's asylum claim to the BIA.

It is well-established that "where the BIA has not made a finding on an essential asylum issue, the proper course of action for a court of appeals is to remand the issue to the BIA for decision." *Chen v. Ashcroft*, 362 F.3d 611, 621 (9th Cir. 2004). Because a well-founded fear of future persecution provides a "separate avenue[]" for asylum relief, *Lopez-Galarza v. INS*, 99 F.3d 954, 958 (9th Cir. 1996), we have stressed that "the likelihood of future persecution is a *particularly important factor* to consider" when "determining whether to grant asylum," *Kalubi v. Ashcroft*, 364 F.3d 1134, 1141 (9th Cir. 2004) (emphasis added) (citation omitted). And we have consistently remanded cases where the immigration judge (IJ) or BIA failed to address whether a petitioner had a well-founded fear of future persecution. *See, e.g.*, *Regalado-Escobar v. Holder*, 717 F.3d 724, 729 (9th Cir. 2013) (remanding for the BIA to determine whether petitioner established a well-founded fear of future persecution where the BIA "rejected this [argument] without explanation"); *Mendez-*

1

*Gutierrez v. Ashcroft*, 340 F.3d 865, 870 (9th Cir. 2003) (remanding for the BIA to "determine in the first instance whether [petitioner] has shown a well-founded fear of persecution"); *Chen*, 362 F.3d at 621–22 (similar).

The court is correct that the agency need not "write an exegesis" before we will consider a claim to have been addressed. Mem. Disp. at 5. But the BIA must "state its reasons and show proper consideration of all factors when weighing equities and denying relief." *Kalubi*, 364 F.3d at 1140 (citation omitted). "This means that the BIA must explain what factors it has considered or relied upon sufficiently that we are able to discern that it has heard, considered, and decided" an issue. *Id.* at 1140–41 (internal quotation marks and citation omitted). In the absence of any such "explanation" or "reasoning," the proper course is to remand for the agency to decide the issue in the first instance. *See Regalado-Escobar*, 717 F.3d at 729; *see also Mendez-Gutierrez*, 340 F.3d at 870 ("[I]t is not for us to determine in the first instance whether [a petitioner] has shown a well-founded fear of persecution.").

Here, I cannot conclude that the BIA "heard, considered, and decided" Elizalde's fear-of-future-persecution argument as relates to his asylum claim. *See Kalubi*, 364 F.3d at 1140–41. Where the BIA relied upon and "expressed agreement with the reasoning of the IJ," we review "both the IJ and the BIA's decisions." *Kumar v. Holder*, 728 F.3d 993, 998 (9th Cir. 2013). Because in this case the BIA

2

affirmed on the merits "for the reasons stated in the [IJ's] decision" and did not provide any of its own reasoning, we can look only to the IJ's decision to determine whether Elizalde's fear-of-future-persecution argument was properly considered.

The IJ's decision demonstrates that it failed to address Elizalde's fear of future persecution. Elizalde argued that he suffered past persecution based on incidents in 2015 and 2017 where he was detained by Cuban police in both instances and was physically harmed by the police in 2015. He also asserted that he fears he will be persecuted and arrested in Cuba because he is viewed poorly by the Cuban government and will be unable to find a job due to his lack of military service. While the IJ acknowledged that Elizalde could obtain asylum by showing either past persecution or a reasonable possibility of future persecution and specifically found that Elizalde "does not have any level of harm or threats that constitute a past persecution," the IJ made no similar finding as to Elizalde's asserted fear of future persecution. Moreover, when the IJ addressed Elizalde's nexus argument, it referenced only the 2015 and 2017 incidents underlying Elizalde's *past persecution* claim. The IJ ended its merits analysis of Elizalde's asylum claim—without any specific mention of Elizalde's assertion that he fears future persecution—by summarily concluding that Elizalde "did not meet the factual basis or the legal basis for asylum."

Turning to Elizalde's claims for withholding of removal and relief under the Convention Against Torture (CAT), the IJ did directly discuss Elizalde's fear of future persecution, stating that "it could not find that [Elizalde] has a more likely than not chance of a future persecution" and that Elizalde "is not likely to be tortured in [Cuba] by any government official." But these findings do not establish that the IJ addressed Elizalde's fear of future persecution as relates to his asylum claim. Although "[a]n applicant who fails to satisfy the lower standard for asylum necessarily fails to satisfy the more demanding standard for withholding of removal,'" *Davila v. Barr*, 968 F.3d 1136, 1142 (9th Cir. 2020), the reverse is not true.

To obtain withholding of removal, a petitioner must "prove that it is *more likely than not* they will be persecuted." *Barajas-Romero v. Lynch*, 846 F.3d 351, 360 (9th Cir. 2017) (emphasis added) (citing 8 C.F.R. § 208.16). And CAT relief is available only if a petitioner shows that it is "*more likely than not* that he or she would be *tortured* if removed to the proposed country." *Id.* at 361 (emphases added) (quoting 8 C.F.R. § 208.16(c)(2)). But for asylum, a petitioner need only show a "*well-founded fear* of future persecution," *Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1028 (9th Cir. 2019) (emphasis added), which "does not require certainty of persecution or even a probability of persecution," *Hoxha v. Ashcroft*, 319 F.3d 1179, 1184 (9th Cir. 2003). "Even a ten percent chance of future persecution may establish

4

a well-founded fear." *Bartolome v. Sessions*, 904 F.3d 803, 809 (9th Cir. 2018) (citation omitted).

Given the "more lenient" standard for asylum, *Florez-de Solis v. INS*, 796 F.2d 330, 333 (9th Cir. 1986), "[e]vidence may compel a finding that a fear of persecution is well-founded, even where that same evidence does not compel a finding that persecution will be more likely than not to occur," *Lim v. INS*, 224 F.3d 929, 938 (9th Cir. 2000). Indeed, it is common for claims that succeed under the more lenient asylum standard to fail under the heightened burden of proof required for withholding or relief under CAT. *See, e.g.*, *Kaiser v. Ashcroft*, 390 F.3d 653, 660 (9th Cir. 2004) ("Although Petitioners have a reasonable fear of persecution, we cannot say that such persecution *will* happen, in the sense of being more likely than not." (internal quotation marks and citation omitted)); *Hoxha*, 319 F.3d at 1184–85 ("Although the BIA erred in holding that [petitioner] was not eligible for asylum, it did not err in ruling that he failed to qualify for mandatory withholding of deportation."); *Gui v. INS*, 280 F.3d 1217, 1230 (9th Cir. 2002) ("Although [petitioner]'s fear is well-founded, he is not able to demonstrate that it is more likely than not that he will be persecuted . . . .").

Accordingly, that the IJ denied withholding of removal and CAT relief because Elizalde did not meet the requisite future-persecution standards for those claims does not establish that the IJ sufficiently addressed Elizalde's future-

5

persecution argument related to his asylum claim when the IJ was completely silent on this point. Nor can we divine that the IJ would necessarily deny Elizalde's claim for asylum for failure to show a well-founded fear of persecution because the IJ found that Elizalde failed to meet the standard for withholding of removal and CAT. *See Bartolome*, 904 F.3d at 809.

The court concludes that the BIA sufficiently considered whether Elizalde had a well-founded fear of future persecution for purposes of asylum by piecing together (1) the IJ's acknowledgement that past persecution and future persecution provide separate avenues for asylum relief, and (2) the IJ's generic statements that Elizalde failed to "meet[] the legal test for asylum." Mem. Disp. at 5–6. Specifically, the court reasons that because "failing to meet the asylum standard means a petitioner also fails to meet the withholding standard," the IJ must have concluded that Elizalde did not show a reasonable possibility of future persecution. Mem. Disp. at 6 n.2. But simply reciting the two legal standards for obtaining asylum and summarily concluding that Elizalde "has not shown that he meets the legal test for asylum" does not provide a "reasoned basis" for the agency's decision. *See Villanueva-Franco v. I.N.S.*, 802 F.2d 327, 330 (9th Cir. 1986) (noting that the BIA is required "to provide more than mere conclusory statements" (internal quotation marks and citation omitted)). And the conclusion that the court identifies does not appear anywhere in the IJ's decision. *See generally Delmundo v. INS*, 43 F.3d 436, 442 (9th Cir. 1994)

6

(noting that "the BIA is not assumed to have considered factors that it failed to mention in its decision" (internal quotation marks and citation omitted)). Our review is constrained to the grounds relied upon by the agency. *See Sanchez Rosales v. Barr*, 980 F.3d 716, 719 (9th Cir. 2020). Because I do not see as much in the IJ's decision as the court does, I would remand for the BIA to properly address whether Elizalde has shown that he has a well-founded fear of future persecution in Cuba. I respectfully dissent in part.